IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN CHURCH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | No. 21-cv-2815 (CKK) |

## NOTICE

Defendants respectfully submit this notice in response to the Court's minute order dated October 28, 2021.

At the October 27 teleconference, the Court asked Defendants to confirm that they would apply the policies described by government counsel, pursuant to which employees would not be disciplined—let alone terminated—before any final agency determination rejecting their pending requests for a religious exception (should their requests be rejected). Government counsel informed the Court that Defendants could not agree to an injunction and understood that the Court did not expect the government to do so. The Court's October 27 minute order directed the government to file a notice that would describe the "policies applicable" to Defendants' "consideration of exemption requests and appeals." Minute Order dated Oct. 27, 2021.

On October 28, 2021, the government filed a notice that summarizes the policies applicable to each of the twenty Plaintiffs in this action. *See* ECF No. 8. As set out in Defendants' notice, there is no emergency here: (1) every Plaintiff has requested a religious exception, and no such request has been denied; (2) no Plaintiff will be subject to any discipline while his or her request is pending with the agency; and (3) if a request is denied, the Plaintiff will generally be given two additional weeks in

which to begin the vaccination process before any disciplinary process will be initiated.  *See* Safer Federal Workforce Task Force, Vaccinations, Enforcement of Vaccination Requirement for Employees (last visited Oct. 29, 2021), https://www.saferfederalworkforce.gov/faq/vaccinations. Defendants further agreed to inform the Court if any Plaintiff's religious exception request were denied, thus ensuring that if any Plaintiff's dispute with the government transformed from hypothetical to real, the Court could take appropriate steps—such as ordering expedited briefing—at that time.

The Court's October 28 Order directs Defendants to indicate whether they can "agree voluntarily that no plaintiff will be disciplined or terminated pending the Court's ruling on the TRO Motion."  Minute Order dated Oct. 28, 2021.  As the government informed the Court at the teleconference, it cannot agree to what is functionally a temporary restraining order pending the Court's decision on the motion seeking that same relief.  However, Defendants offer the Court their assurances that (1) it is exceptionally unlikely that any Plaintiff will be terminated for failure to comply with the vaccination requirement during the pendency of the briefing schedule discussed at the conference, and (2) they will notify the Court promptly if a request for an exception is denied, prior to the imposition of any discipline for failure to comply with the vaccination requirement.

Defendants therefore respectfully request that the Court adhere to the schedule discussed at the October 27 teleconference—a schedule that Plaintiffs' counsel indicated was satisfactory after government counsel emphasized that the government could not stipulate to an injunction.  In the event that any Plaintiff's request for a religious exception were denied during the pendency of that expedited briefing, Defendants would notify the Court, which could then order an emergency briefing schedule if appropriate.  Respectfully, there is no need to order that emergency briefing now, before there is any concrete dispute between Plaintiffs and the government.

Finally, to the extent that the Court is inclined to accelerate briefing, Defendants respectfully request that the Court allot the government additional time to prepare its opposition brief beyond the schedule described in the Court's October 28 minute order. It is Plaintiffs' burden to demonstrate impending irreparable harm, *see, e.g.*, *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014), but Plaintiffs offer nothing beyond speculation to suggest that their religious exception requests will be denied and that they will be disciplined at all, much less on the first day that such discipline is theoretically possible. Indeed, if Plaintiffs' religious exception requests are granted, Plaintiffs will suffer no injury and the case will become moot. Thus, if the Court does expedite briefing beyond the schedule discussed at the October 27 teleconference, Defendants respectfully request that the Court direct Defendants to respond to the pending motion on November 8, 2021.[1] And in all events, if the Court does advance Defendants' response deadline to a date earlier than November 17, Defendants further request that the Court not then additionally require them to file their motion to dismiss on November 17, which is more than a month in advance of the default deadline under Rule 12.

Dated: October 29, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

CHRISTOPHER HALL

---

[1] Defendants will of course endeavor to produce an opposition memorandum that is useful to the Court and thoroughly addresses the numerous issues presented in this case. Producing such a memorandum is particularly difficult here, insofar as it involves coordinating legal positions among nearly twenty different federal agencies. Defendants further note that the attorneys responsible for defending the challenged vaccination mandates have numerous additional deadlines in the coming weeks. *See Brnovich v. Biden*, No. 21-1568 (D. Ariz.) (response to preliminary injunction motion due Nov. 2, 2021); *Navy Seal 1 v. Biden*, No. 21-2429 (M.D. Fla) (response to preliminary injunction motion due Nov. 3, 2021); *Doe v. Austin*, No. 21-1211 (N.D. Fla.) (argument on motion for preliminary injunction Nov. 3, 2021); *Employee A v. Biden*, No. 21-2696 (D. Md.) (response to preliminary injunction motion due on or about Nov. 10, 2021); *Altschuld v. Raimondo*, No. 21-2779 (D.D.C.) (pending preliminary injunction briefing schedule).

CARLOTTA P. WELLS
Assistant Directors

/s/ *Steven A. Myers*
STEVEN A. MYERS (NY Bar No. 4823043)
ANDREW E. CARMICHAEL
Senior Trial Counsels
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*

4