**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

STEVEN CHURCH, *et al.*,
    Plaintiffs,

v.

JOSEPH R. BIDEN, in his official capacity as
President of the United States, *et al.*,
    Defendants.

Civil Action No. 21-2815 (CKK)

---

**ORDER**
(October 29, 2021)

On October 27, 2021, Plaintiffs, who are federal employees and military personnel, filed an [5] Emergency Application for a Temporary Restraining Order and Preliminary Injunction. Therein, Plaintiffs seek to enjoin the enforcement of the mandatory vaccination provisions contained in Secretary of Defense Lloyd Austin's August 24, 2021 Order and President Biden's Executive Order 14043 (collectively, the "Vaccine Mandates"). Under the current guidance issued by the Safer Federal Workforce Task Force, "[f]ederal employees need to be fully vaccinated by November 22, 2021."[1] To meet this deadline, "[f]ederal employees must receive their last dose of their vaccine no later than November 8, 2021." *Id.* Accordingly, Plaintiffs identify **November 8, 2021** as "the salient date relevant for the emergency relief [they have] requested." Pls.' Mem., ECF No. 5-1, at 1 n.6.

After receiving Plaintiffs' application for emergency relief, the Court promptly held a telephonic scheduling conference with the parties on October 27, 2021. During that conference, the parties discussed the fact that Plaintiffs have already submitted requests on religious grounds for exemptions to the Vaccine Mandates. *See* Hr'g Tr., ECF No. 10, at 8–13; Compl., ECF No. 1,

---

[1] Safer Federal WorkForce, Vaccinations, THE WHITE HOUSE, available at: https://www.saferfederalworkforce.gov/faq/vaccinations/ (last visited Oct. 29, 2021).

1

at ¶ 60 ("On October 12, 2021, Mr. Church submitted to HHS a request for religious exemption from the Vaccine Mandate . . . "). Because of these outstanding requests for religious exemptions, the government suggested that emergency briefing was unnecessary at this time. Consequently, the Court ordered the government to file a notice by October 28, 2021 providing further detail on "the policies applicable" to Plaintiffs' exemption requests. Min. Order (Oct. 27, 2021).

In response, the government submitted a notice indicating that, pursuant to guidance from the Safer Workforce Task Force, "any civilian Plaintiff in this case who has already submitted a request for a religious exception to their employer . . . will not be subject to discipline while that request is pending, and will generally have two weeks from any final determination denying the request in which to begin the vaccination process." Not., ECF No. 8, at 2. The government also stated that no active duty military Plaintiff would "be disciplined while his [vaccine exemption] request is pending." *Id.* at 2–3. Upon reviewing this notice, however, the Court observed that the government's notice ultimately "provides no guarantee of what will happen to Plaintiffs if their exemption requests are denied and if they reach the point of being disciplined or terminated" before this Court rules on Plaintiffs' pending application for emergency relief. Min. Order (Oct. 28, 2021). As such, the Court ordered the government to file a supplemental notice "indicating whether or not they [would] agree voluntarily that no Plaintiff will be disciplined or terminated pending the Court's ruling" on Plaintiffs' motion for emergency relief. *Id.*

The government has now filed their supplemental notice. Therein, the government states that "it cannot agree" that no Plaintiff will be disciplined or terminated pending this Court's ruling on Plaintiffs' request for emergency relief. Not., ECF No. 9, at 2. The Court understands and appreciates the government's stated position. Nonetheless, the Court now sees no guarantee that all Plaintiffs can avoid the alleged harm they contend will occur on November 8, 2021, if they do

not comply with the Vaccine Mandates by that date. Accordingly, the Court cannot disregard Plaintiffs' request for emergency relief and let the November 8, 2021 date pass without issuing a ruling on that motion. If the government possesses arguments related to what it perceives as the speculative nature of Plaintiffs' alleged harm, it should raise those arguments in opposition to Plaintiffs' emergency application for a temporary restraining order and preliminary injunction.

In view of the foregoing, the Court will enter the briefing schedule previewed in its October 28, 2021 minute order. It is hereby **ORDERED** that the government **SHALL** respond to Plaintiffs' [5] Emergency Application for Temporary Restraining Order and Preliminary Injunction by or before **NOVEMBER 2, 2021**. If Plaintiffs will be filing a reply brief, they must do so by or before **NOVEMBER 3, 2021**. The Court at this time will defer setting a schedule on the government's motion to dismiss, which will be set at a later point in consultation with the parties.

**SO ORDERED**.

**Date**: October 29, 2021

*Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
United States District Judge