## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN CHURCH, *et al.*, | |
| Plaintiffs, | No. 21-cv-2815 (CKK) |
| v. | |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |

### DEFENDANTS' MOTION TO DISMISS

Defendants, by and through undersigned counsel, respectfully move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As explained in the attached memorandum of law, as well as the accompanying declarations, the Court lacks jurisdiction over this case, and in any event Plaintiffs fail to state a claim upon which relief may be granted.   A proposed order accompanies this motion.


Dated:  February 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

CHRISTOPHER R. HALL
CARLOTTA P. WELLS
Assistant Directors

/s/ *Steven A. Myers*
STEVEN A. MYERS (NY Bar No. 4823043)
ANDREW E. CARMICHAEL
Senior Trial Counsels

STUART J. ROBINSON
Senior Counsel
JOSEPH J. DEMOTT
COURTNEY D. ENLOW
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN CHURCH, *et al.*, | |
| Plaintiffs, | No. 21-cv-2815 (CKK) |
| v. | |
| JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................iii

INTRODUCTION ...............................................................................................................1

I.     BACKGROUND ...................................................................................................2

     A.    The COVID-19 Pandemic.....................................................................2

     B.    Executive Order 14043 .........................................................................3

     C.    Department of Defense COVID-19 Vaccine Directive .........................5

     D.    This Lawsuit.........................................................................................7

LEGAL STANDARD..........................................................................................................7

ARGUMENT .......................................................................................................................8

I.     Plaintiffs' Claims Are Neither Constitutionally Nor Prudentially Ripe....................8

     A.    The Civilian Employees' Claims Are Unripe........................................8

     B.    The Service Member Plaintiffs' Claims Are Not Justiciable................9

II.    Plaintiffs Fail To State A Claim On Which Relief May Be Granted. ......................11

     A.    Plaintiffs Do Not State RFRA Or Free Exercise Clause Claims. .........11

     B.    Plaintiffs Do Not State An Equal Protection Claim..............................14

     C.    Plaintiffs Do Not State A Claim For Violation Of The FDCA............16

CONCLUSION...................................................................................................................19

# TABLE OF AUTHORITIES

## CASES

*Artis v. Greenspan*,
    223 F. Supp. 2d 149 (D.D.C. 2002) ........................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 7, 14

*Ass'n of Flight Attendants-CWA v. Chao*,
    493 F.3d 155 (D.C. Cir. 2007) ................................................................................. 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 7

*Bois v. Marsh*,
    801 F.2d 462 (D.C. Cir. 1986) ........................................................................... 10, 11

*Brass v. Biden*,
    No. 21-2778, 2021 WL 6498143 (D. Colo. Dec. 23, 2021) ...................................... 4

*Bridges v. Hous. Methodist Hosp.*,
    543 F. Supp. 3d 525, 2021 WL 2399994 (S.D. Tex. June 12, 2021) ........... 16, 17, 18

*Brnovich v. Biden*,
    --- F. Supp. 3d ---, 2022 WL 252396 (D. Ariz. Jan. 27, 2022) .................. 4, 8, 15, 17

*Burwell v. Hobby Lobby Stores, Inc.*,
    573 U.S. 682 (2014) ................................................................................................. 12

*Dixon v. Dist. of Columbia*,
    666 F.3d 1337 (D.C. Cir. 2011) ............................................................................. 14

*Doe v. Franklin Square Union Free Sch. Dist.*,
    --- F. Supp. 3d ----, 2021 WL 4957893 (E.D.N.Y. Oct. 26, 2021) ......................... 16

*Doe v. Zucker*,
    520 F. Supp. 3d 217 (N.D.N.Y. 2021) ................................................................... 15

*Doe 2 v. Trump*,
    319 F. Supp. 3d 539 (D.D.C. 2018) ....................................................................... 11

*Donovan v. Vance*,
    No. 4:21-cv-5148-TOR, 2021 WL 5979250 (E.D. Wash. Dec. 17, 2021) ............... 8

iii

*Fallon v. Mercy Catholic Med. Ctr. of Se. Pa.*,
    877 F.3d 487 (3d Cir. 2017) .................................................................................. 12, 13

*Feds for Medical Freedom v. Biden*,
    --- F. Supp. 3d ----, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022) ............................... 4

*Franklin v. Massachusetts*,
    505 U.S. 788 (1992) ...................................................................................................... 11

*Friedman v. Clarkstown Cent. Sch. Dist.*,
    75 F. App'x 815 (2d Cir. 2003) .................................................................................... 13

*Goldman v. Weinberger*,
    475 U.S. 503 (1986) ...................................................................................................... 13

*Guilfoyle v. Beutner*,
    No. 2:21-cv-5009, 2021 WL 4594780 (C.D. Cal. Sept. 14, 2021) ............................... 16

*Haase v. Sessions*,
    835 F.2d 902 (D.C. Cir. 1987) ....................................................................................... 7

*Heller v. Doe ex rel. Doe*,
    509 U.S. 312 (1993) ...................................................................................................... 15

*In re Fed. Bureau of Prisons' Execution Protocol Cases*,
    980 F.3d 123 (D.C. Cir. 2020) ................................................................................. 16, 17

*Jacobson v. Massachusetts*,
    197 U.S. 11 (1905) ........................................................................................................ 15

*Johnson v. Brown*,
    --- F. Supp. 3d ----, 2021 WL 4846060 (D. Or. Oct. 18, 2021) ............................... 17

*Klaassen v. Trs. of Ind. Univ.*,
    --- F. Supp. 3d ----, 2021 WL 3073926 (N.D. Ind. July 18, 2021) ........................... 15

*Klaassen v. Trs. of Ind. Univ.*,
    7 F.4th 592 (7th Cir. 2021) .......................................................................................... 15

*Knehans v. Alexander*,
    566 F.2d 312 (D.C. Cir. 1977) ..................................................................................... 10

*Lehnhausen v. Lake Shore Auto Parts Co.*,
    410 U.S. 356 (1973) ...................................................................................................... 15

*Lloyd v. Sch. Bd. of Palm Beach Cnty.*,
--- F. Supp. 3d ----, 2021 WL 5353879 (S.D. Fla. Oct. 29, 2021)...........................................16

*Los Angeles v. Lyons*,
461 U.S. 95 (1983)..................................................................................................................13

*McCray v. Biden*,
No. 21-2882, 2021 WL 5823801 (D.D.C. Dec. 7, 2021)...........................................................8

*McCutcheon v Enlivant ES, LLC*,
No. 5:21-cv-393, 2021 WL 5234787 (S.D.W. Va. Nov. 9, 2021)............................................17

*Muwekma Ohlone Tribe v. Salazar*,
708 F.3d 209 (D.C. Cir. 2013)..............................................................................................14

*Norris v. Stanley*,
--- F. Supp. 3d ---, 2021 WL 3891615 (W.D. Mich. Aug. 31, 2021) ........................................19

*Norris v. Stanley*,
--- F. Supp. 3d ----, 2021 WL 4738827 (W.D. Mich. Oct. 8, 2021) ........................................17

*Oklahoma v. Biden*,
--- F. Supp. 3d ---, 2021 WL 6126230 (W.D. Okla. Dec. 28, 2021) .........................................4

*Pelekai v. Hawai'i*,
No. 21-cv-343, 2021 WL 4944804 (D. Haw. Oct. 22, 2021) ...................................................17

*Prince v. Massachusetts*,
321 U.S. 158 (1944).................................................................................................................15

*Rhoades v. Savannah River Nuclear Sols., LLC*,
No. 1:21-cv-3391, 2021 WL 5761761 (D.S.C. Dec. 3, 2021) ..................................................17

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
141 S. Ct. 63 (2020)................................................................................................................15

*Rydie v. Biden*,
No. 21-2696, 2021 WL 5416545 (D. Md. Nov. 19, 2021) ........................................................4

*Smith v. Biden*,
No. 21-19457, 2021 WL 5195688 (D.N.J. Nov. 8, 2021) ........................................................4

*Texas v. United States*,
523 U.S. 296 (1998)..................................................................................................................8

*Thomas v. Union Carbide Agric. Prods. Co.*,
  473 U.S. 568 (1985) ............................................................................................. 8

*Trump v. Hawaii*,
  138 S. Ct. 2392 (2018) ............................................................................. 13, 14, 15

*Trump v. New York*,
  141 S. Ct. 530 (2020) ......................................................................................... 1

*U.S. Ecology, Inc. v. U.S. Dep't of Interior*,
  231 F.3d 20 (D.C. Cir. 2000) ............................................................................. 7

*United States v. Bauer*,
  84 F.3d 1549 (9th Cir. 1996) ............................................................................ 12

*United States v. Chem. Found.*,
  272 U.S. 1 (1926) ............................................................................................. 14

*Valdez v. Grisham*,
  --- F. Supp. 3d ----, 2021 WL 4145746 (D.N.M. Sept. 13, 2021) ................... 17, 19

*Villareal v. Rocky Knoll Health Ctr.*,
  No. 21-cv-729, 2021 WL 5359018 (E.D. Wis. Nov. 17, 2021)............................. 17

*Zucht v. King*,
  260 U.S. 174 (1922) .......................................................................................... 15

## STATUTES

5 U.S.C. § 105 .................................................................................................... 12

21 U.S.C. § 360bbb-3 ............................................................................. 2, 16, 18

42 U.S.C. § 262 ..................................................................................................... 2

## REGULATIONS

Declaring a National Emergency Concerning the Novel Coronavirus Disease
  (COVID-19) Outbreak,
  85 Fed. Reg. 15,337 (Mar. 13, 2020) .............................................................. 2

EUA Declaration,
  85 Fed. Reg. 18,250 (Apr. 1, 2020) ................................................................ 2

Requiring Coronavirus Disease 2019 Vaccination for Federal Employees,
Exec. Order No. 14043,
86 Fed. Reg. 50,989 (Sept. 14, 2021) ............................................................... *passim*

**OTHER AUTHORITIES**

Army Regulation 40-562 (Oct. 7, 2013),
https://perma.cc/2LV6-6JEL ............................................................................. 5

DoD Instruction 6205.02 (July 23, 2019),
https://perma.cc/ZU4H-CBA3 ........................................................................... 5

FDA, Fact Sheet for Recipients and Caregivers (revised Jan. 7, 2022),
https://perma.cc/2M9Y-DHND ....................................................................... 18

FDA, *News Release - Coronavirus (COVID-19) Update: FDA Takes Key Action by
Approving Second COVID-19 Vaccine* (Jan. 31, 2022),
https://perma.cc/REC8-FQ2R ...................................................................... 3, 19

FDA, *News Release – FDA Approves First COVID-19 Vaccine* (Aug. 23, 2021),
https://perma.cc/C4DD-PWE5 ........................................................................... 3

FDA, Vaccine Information Fact Sheet for Recipients and Caregivers (revised Jan. 3, 2022),
https://perma.cc/E6RH-DVRS ..................................................................... 18, 19

*Frequently Asked Questions Related to Compliance with the Applicable Preliminary
Nationwide Injunction on Implementation and Enforcement of the Vaccination
Requirement Pursuant to Executive Order (E.O.) 14043* (Jan. 24, 2022),
https://perma.cc/C5LA-DGCT ........................................................................... 5

HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020),
https://perma.cc/VZ5X-CT5R ........................................................................... 2

Marine Corps Administrative Message 462/21 (Sept. 1, 2021),
https://perma.cc/Z7GG-PQD2 ........................................................................ 6, 7

MCO 1730.9 (July 12, 2021),
https://perma.cc/8B5S-FMGX ......................................................................... 13

Mem. for all Department of Defense Employees (Aug. 9, 2021),
https://perma.cc/H5G8-T62L ............................................................................. 6

Mem. for Senior Pentagon Leadership, Commanders of the Combatant Commands,
Defense Agency and DoD Field Activity Directors (Aug. 24, 2021),
https://perma.cc/CV3J-EM3M ........................................................................... 6

Navy Administrative Message 190/21 (Aug. 31, 2021),
   https://perma.cc/Y4Q8-CPRG ................................................................................ 6

Task Force, Frequently Asked Questions,
   Vaccinations, https://perma.cc/MHT9-5X7T ........................................................... 3

Template: Request for a Medical Exception to the COVID-19 Vaccination Requirement,
   https://perma.cc/LD7Q-D5JZ ............................................................................. 3, 4

Template: Request for a Religious Exception to the COVID-19 Vaccination Requirement,
   https://perma.cc/6A6D-EPH9 ........................................................................... 4, 12

U.S. Dep't of Justice, Office of Legal Counsel, Whether Section 564 of the Food, Drug,
   and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an
   Emergency Use Authorization,
   45 Op. O.L.C. __, 2021 WL 3418599 (July 6, 2021) ............................................ 17

VHA Directive 1193.01, Coronavirus Disease 2019 Vaccination Program For Veterans
   Health Administration Health Care Personnel (Jan. 27, 2022),
   https://perma.cc/A4Z6-WT3G ............................................................................... 5

**INTRODUCTION**

In this case, eighteen civilian government employees and two active-duty Marines challenge two separate COVID-19 vaccination requirements: Executive Order 14043, which applies to federal civilian employees, and a directive from the Secretary of Defense dated August 24, 2021, which applies to members of the military services.  This Court denied Plaintiffs' motion for a preliminary injunction in November, *see* ECF No. 16 ("Mem. Op."), and the Complaint should now be dismissed for the reasons that the Court has previously identified.

When this Court denied Plaintiffs' motion for a preliminary injunction, it explained that no civilian employee had a ripe claim because each had a pending request for a religious exception, and so the claims were "'riddled with contingencies and speculation that impede judicial review.'" Mem. Op. at 17 (quoting *Trump v. New York*, 141 S. Ct. 530, 535 (2020)).  That remains true today: no civilian Plaintiff has been denied a religious exception, and no civilian Plaintiff is required to be vaccinated while his request is pending.  With respect to the two active-duty Marines, the Court held that their claims were not justiciable because "neither Service Member Plaintiff has been disciplined or separated from the Marine Corps."  *Id.* at 21-22.  Although the Marine Corps has now denied one service member Plaintiff's appeal, the Court's conclusion regarding non-justiciability still applies.  Both service member Plaintiffs can continue to utilize intra-military administrative remedies, and until they exhaust such remedies, judicial review is premature.  *Id.* at 21-25.

The Court therefore lacks jurisdiction, and the case must be dismissed.  But even if the Court could reach the merits, Plaintiffs' claims fare no better.  The challenged vaccine requirements acknowledge that individuals may be entitled to religious accommodations, so there is no basis for a ruling that they violate the Free Exercise Clause or the Religious Freedom

Restoration Act ("RFRA") across the board.  Plaintiffs' equal protection claim fails because Plaintiffs are not part of a suspect class, and for more than a century, courts have uniformly upheld vaccination requirements as rationally related to the government's interest in promoting health and safety.  Finally, Plaintiffs' claim under the Federal Food, Drug, and Cosmetic Act ("FDCA") fails because they lack a private right of action to assert it, and in any case it is premised upon a misinterpretation of the statute.

The Court should therefore grant Defendants' motion to dismiss.

## I.     BACKGROUND

### A.     The COVID-19 Pandemic

On January 31, 2020, the Secretary of Health and Human Services ("HHS") declared a public health emergency because of COVID-19, a respiratory disease caused by the novel coronavirus SARS-CoV-2.  HHS, *Determination that a Public Health Emergency Exists* (Jan. 31, 2020), https://perma.cc/VZ5X-CT5R.  On March 13, 2020, the President declared a national emergency.  *See* Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, 85 Fed. Reg. 15,337 (Mar. 13, 2020).

FDA has authority to review and approve "biological product[s]," including vaccines, as safe and effective for introduction into interstate commerce for their intended uses.  *See* 42 U.S.C. § 262(a)(1), (i)(1).  In an emergency, FDA may issue an "emergency use authorization" ("EUA"), even before such approval, which authorizes the marketing of vaccines (and other FDA-regulated products) "intended for use" in responding to the emergency.  21 U.S.C. § 360bbb-3.

In March 2020, the Secretary of HHS determined that "circumstances exist justifying the authorization of emergency use of drugs and biological products during the COVID-19 pandemic." EUA Declaration, 85 Fed. Reg. 18,250, 18,250–51 (Apr. 1, 2020).  Based on that determination, FDA issued EUAs for COVID-19 vaccines developed by three companies—Pfizer-BioNTech,

Moderna, and Johnson & Johnson.

On August 23, 2021, Pfizer's COVID-19 vaccine, under the name Comirnaty, obtained FDA approval for its intended use by people aged 16 years and older.  This means that the vaccine, having successfully completed "the agency's standard process for reviewing the quality, safety and effectiveness of medical products," is no longer available only through an EUA.  FDA, *News Release – FDA Approves First COVID-19 Vaccine* (Aug. 23, 2021), https://perma.cc/C4DD-PWE5.  And on January 31, 2022, Moderna's vaccine, under the name Spikevax, obtained FDA approval for its intended use by people aged 18 years and older.  *See* FDA, *News Release - Coronavirus (COVID-19) Update: FDA Takes Key Action by Approving Second COVID-19 Vaccine* (Jan. 31, 2022), https://perma.cc/REC8-FQ2R.

### B.     Executive Order 14043

On September 9, 2021, President Biden issued Executive Order 14043.  *See* Requiring Coronavirus Disease 2019 Vaccination for Federal Employees, Exec. Order No. 14043, 86 Fed. Reg. 50,989 (Sept. 14, 2021).  Executive Order 14043 instructs each federal agency to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its federal employees, with exceptions only as required by law."  *Id.* § 2.  The Executive Order directs the Safer Federal Workforce Task Force ("Task Force") to issue guidance on implementation of the vaccination requirement.  *Id*.

The Task Force guidance recognizes that federal employees may be eligible for exceptions to the vaccination requirement based on a medical condition or religious objection, *see generally* Task Force, Frequently Asked Questions ("FAQs"), Vaccinations, https://perma.cc/MHT9-5X7T ("Vaccination FAQs"), and recommends that each agency "follow its ordinary process to review and consider what, if any, accommodation it must offer" under applicable federal law, *see id.* (choose "Enforcement of Vaccination Requirement for Employees"); *see also* Template: Request

for a Medical Exception to the COVID-19 Vaccination Requirement, https://perma.cc/LD7Q-D5JZ; Template: Request for a Religious Exception to the COVID-19 Vaccination Requirement, https://perma.cc/6A6D-EPH9.

The deadline for federal employees without an exception request granted or pending to be fully vaccinated was November 22, 2021.  *See* Vaccination FAQs (choose "Vaccination Requirement for Federal Employees").  Under Task Force guidance, an employee who requests an exception will not be subject to discipline while the request is under consideration, and if an exception request is denied, the employee should be given two weeks from the denial to receive the first (or only) dose of a COVID-19 vaccine before being subject to discipline.  *See id.* (choose "Limited Exceptions to Vaccination Requirement").

Executive Order 14043 has been subject to extensive litigation, and numerous courts have found that it falls within the President's constitutional and statutory authority to oversee the federal workforce.  *See Rydie v. Biden*, No. 21-2696, 2021 WL 5416545, at *3 (D. Md. Nov. 19, 2021), *appeal filed*, No. 21-2359 (4th Cir. Dec. 7, 2021); *Oklahoma v. Biden*, --- F. Supp. 3d ---, 2021 WL 6126230, at *10 (W.D. Okla. Dec. 28, 2021); *Brnovich v. Biden*, --- F. Supp. 3d ---, 2022 WL 252396, at *12 (D. Ariz. Jan. 27, 2022); *Brass v. Biden*, No. 21-2778, 2021 WL 6498143, at *3 (D. Colo. Dec. 23, 2021) (report and recommendation), *adopted*, 2022 WL 136903 (D. Colo. Jan. 14, 2022); *see also Smith v. Biden*, No. 21-19457, 2021 WL 5195688, at *6 (D.N.J. Nov. 8, 2021), *appeal filed*, No. 21-3091 (3d Cir. Nov. 10, 2021).  Nevertheless, on January 21, 2022, a district court in the Southern District of Texas found that the Executive Order exceeded the President's statutory and constitutional authority (a contention not advanced here) and entered a nationwide preliminary injunction prohibiting the government from "implementing or enforcing Executive Order 14043 until this case is resolved on the merits."  *Feds for Medical Freedom v. Biden*, --- F.

Supp. 3d ----, 2022 WL 188329, at *8 (S.D. Tex. Jan. 21, 2022).  The government has appealed that ruling, *see* No. 22-40043 (5th Cir. Jan. 21, 2022), and motions to stay the injunction are pending before both the district court and the Fifth Circuit.  While the injunction is in effect, the government understands it to bind the entire Executive Branch, and to prohibit agencies from "continu[ing] to process requests they have already received for disability or religious exceptions to the COVID-19 vaccination requirement pursuant to E.O. 14043." *Frequently Asked Questions Related to Compliance with the Applicable Preliminary Nationwide Injunction on Implementation and Enforcement of the Vaccination Requirement Pursuant to Executive Order (E.O.) 14043* (Jan. 24, 2022), https://perma.cc/C5LA-DGCT, at 2.[1]

### C.    Department of Defense COVID-19 Vaccine Directive

The Department of Defense's ("DoD") current immunization program is governed by DoD Instruction ("DoDI") 6205.02 (July 23, 2019), https://perma.cc/ZU4H-CBA3.  Nine vaccines are required for all service members, including the annual influenza vaccine, while eight others are required when certain elevated risk factors are present, such as deployment to certain parts of the world.  *See* Army Regulation ("AR") 40-562 at 29, tbl. D-1 (Oct. 7, 2013), https://perma.cc/2LV6-6JEL.  In general, DoD aligns its immunization requirements and eligibility determinations for service members with recommendations from the CDC and its Advisory Committee on Immunization Practices.  DoDI 6205.02, https://perma.cc/ZU4H-CBA3, at 3.  The Military

---

[1] Plaintiff Stephanie Perrotta, who is a Title 5 health care professional employed by the Department of Veterans Affairs ("VA"), is subject to a separate vaccination requirement pursuant to 5 C.F.R. § 339.205.  *See* VHA Directive 1193.01, Coronavirus Disease 2019 Vaccination Program For Veterans Health Administration Health Care Personnel (Jan. 27, 2022), https://perma.cc/A4Z6-WT3G.  Ms. Perrotta will not be disciplined under this policy while her request for a religious exception is pending.  *See, e.g.*, *id.* at A6 ("When an accommodation is denied, the employee must receive their first (or, if a one-dose series, only) dose within fourteen calendar days of the final determination to deny the accommodation.").

Services have separately issued regulatory guidance for the administration of vaccines to service members, including processes to seek medical and religious exemptions.  *See* AR 40-562, ch. 2-6.

On August 9, 2021, the Secretary of Defense, noting the impact COVID-19 has on military readiness, announced that he would add the COVID-19 vaccine to the list of vaccines required for all service members by the earlier of mid-September or upon approval by the FDA.  *See* Mem. for all Department of Defense Employees (Aug. 9, 2021), https://perma.cc/H5G8-T62L.  On August 24, 2021, after FDA announced the approval of the Pfizer COVID-19 vaccine, the Secretary of Defense directed the Secretaries of the Military Departments to immediately vaccinate all members of the armed forces under DoD authority who were not already fully vaccinated against COVID-19.  *See* Mem. for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DoD Field Activity Directors (Aug. 24, 2021), https://perma.cc/CV3J-EM3M.  This DoD policy requires only the administration of vaccines that have received FDA approval.  *Id.*

Shortly thereafter, the Military Services issued guidance for implementing the Secretary's directive.  As with other vaccine requirements, Service implementation guidance provides for a process for a service member to seek medical and religious exemptions from the COVID-19 vaccine. *See, e.g.*, Navy Administrative Message ("NAVADMIN") 190/21 ¶ 3.d (Aug. 31, 2021), https://perma.cc/Y4Q8-CPRG; Marine Corps Administrative Message ("MARADMIN") 462/21 ¶¶ 3.j, 3.k (Sept. 1, 2021), https://perma.cc/Z7GG-PQD2.  The Marine Corps, like the other Services, has an appeal process available to service members seeking religious exemptions if their initial requests are denied.  Ex. 1 (Decl. of Lieutenant General David J. Furness) ¶ 12.b.

A service member who refuses vaccination and does not have an approved exemption may be subject to discipline and adverse administrative action.  *See, e.g*., MARADMIN 462/21, ¶ 3.l

https://perma.cc/Z7GG-PQD2. Adverse action will not be taken, however, against a service member with a pending exemption request. *See, e.g.*, Ex. 1 (Furness Decl.) ¶¶ 9 n.5, 12 n.7. Only senior military officers—in the Marine Corps, general officer and above—may initiate adverse action against a service member who refuses vaccination.[2] MARADMIN 462/21, ¶ 3.1, https://perma.cc/Z7GG-PQD2; Ex. 1 ¶ 5.

### D. This Lawsuit

Plaintiffs commenced this action by filing a complaint on October 24, 2021, *see* Compl., ECF No. 1, and they moved for a preliminary injunction and temporary restraining order three days later, *see* ECF No. 5. Plaintiffs allege that the military and civilian vaccination requirements are unlawful because they violate the Free Exercise Clause, RFRA, equal protection principles, and the FDCA. On November 8, 2021, the Court denied Plaintiffs' motion for a preliminary injunction. *See* Mem. Op.; *see also* ECF No. 17 (Order).

## LEGAL STANDARD

Under Rule 12(b)(1), a plaintiff bears the burden of establishing that the court has jurisdiction to hear his claims. *See U.S. Ecology, Inc. v. U.S. Dep't of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000). A plaintiff's lack of standing is "a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] Adverse administrative counseling, however, may be conducted by a special court-martial convening authority—typically a commanding officer in the grade of lieutenant colonel. MARADMIN 462/21 ¶ 3.l, https://perma.cc/Z7GG-PQD2.

**ARGUMENT**

**I.      Plaintiffs' Claims Are Neither Constitutionally Nor Prudentially Ripe.**

At the outset, the Court lacks jurisdiction because Plaintiffs' claims are unripe—as the Court has already held.  All civilian Plaintiffs allege that they have submitted requests for religious exceptions to their employing agencies, *see* Compl. ¶¶ 60-77, each of which would (but for the current injunction against Executive Order 14043) consider the request and grant exceptions as required by law.  Because Defendants may except Plaintiffs from the vaccination requirement, Plaintiffs' claims depend "upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).

As to the two service member Plaintiffs, judicial review of their RFRA and First Amendment claims remains premature for the reasons previously identified by the Court.  Plaintiff Soto's administrative request for a religious exemption from the COVID-19 vaccination requirement is pending on appeal, and although the Marine Corps denied Plaintiff Hall's appeal last month, he may still avail himself of additional intra-military administrative procedures, *see* Ex. 3 (Decl. of Colonel Jeremy W. Beaven) ¶ 6.  Their claims are thus non-justiciable.

**A.      The Civilian Employees' Claims Are Unripe.**

The Court has already held that civilian employees with pending exception requests do not have ripe claims.[3]  *See* Mem. Op. at 16-21.  As the Court explained, "[w]hile the Federal Employee

---

[3] Since this Court's ruling, numerous courts have similarly held that individuals with pending exception requests lack ripe claims.  *See Brnovich*, 2022 WL 252396, at *8 (citing this Court's opinion in this case); *McCray v. Biden*, No. 21-2882, 2021 WL 5823801, at *9 (D.D.C. Dec. 7, 2021) (Moss, J.) (same); *AFGE Local 501 v. Biden*, No. 21-23828-CIV, ECF No. 33, at 17 (S.D. Fla. Dec. 22, 2021) (same); *see also Donovan v. Vance*, No. 4:21-cv-5148-TOR, 2021 WL 5979250, at *5 (E.D. Wash. Dec. 17, 2021) (similar).

Plaintiffs' exemption requests are pending, they are *not* required to be vaccinated and they are not subject to discipline," and there is "no basis on the current record to assume that the Federal Employee Plaintiffs' exemption requests will be denied." *Id.* at 18 (internal quotation marks omitted). For that reason, the Court held, these individuals' claims were not constitutionally ripe. *See id.* at 19. It further held that their claims were prudentially unripe because "further development of the factual record is required to assess whether the Federal Employee Plaintiffs are entitled to relief for the harm they allege," and because they would not "suffer immediate and significant hardship in the absence of immediate judicial intervention." *Id.* at 20-21. Since this Court entered this order in November, the essential facts have not changed, and the Court should therefore dismiss the civilian Plaintiffs' claims as unripe.[4]

### B.    The Service Member Plaintiffs' Claims Are Not Justiciable.

Similarly, there is no basis for the Court to revisit its conclusion that the claims of the service member Plaintiffs are not "presently justiciable." Mem. Op. at 24. In denying Plaintiffs' motion for preliminary relief, the Court noted that "neither Service Member Plaintiff has been disciplined or separated from the Marine Corps." *Id.* at 22. That remains true as to Plaintiff Soto. *See* Ex. 2 (Decl. of Lieutenant General William M. Jurney) ¶ 7 (explaining that Plaintiff Soto's appeal remains pending and that he is therefore temporarily exempt from the vaccination requirement). As to Plaintiff Hall, the Commandant of the Marine Corps ("CMC") denied his

---

[4] Although Plaintiffs have not filed an amended complaint, Defendants agree with their apparent concession that no federal employee Plaintiff has had a religious accommodation request denied. To the contrary, (1) on November 23, 2021, Plaintiff Lesley Church received an accommodation from DoD's Office of Inspector General, *see* Ex. 4 (Decl. of Adrian Bennett), and (2) on December 23, 2021, Plaintiff Hallfrisch received an interim accommodation from the Department of Interior's Office of Inspector General, having transferred to that office from the Department of State on November 21, 2021. *See* Ex. 5 (Decl. of Terri L. Wales); *see also, e.g.*, *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) (court may consider matters outside the pleadings in resolving motion to dismiss for lack of jurisdiction without converting motion to summary judgment).

appeal since the Court issued its decision, and "[o]n January 21, 2022, [Plaintiff] Hall was notified that he is being processed for administrative separation from the Marine Corps pursuant to the procedures set forth in [Marine Corps Order (MCO)] 1900.16 (Marine Corps Separation Manual)." *See* Ex. 3 (Beaven Decl.) ¶ 6.   However, Plaintiff Hall may continue to avail himself of administrative remedies within the military.  *See* Mem. Op. at 24; *see also* Ex. 1 (Furness Decl.) ¶¶ 13–22.  Specifically, he may "submit written matters for consideration" to argue that he should not be discharged, Ex. 1 (Furness Decl.) ¶ 20, and may also seek review of any discharge through the cognizant review boards, *id.* ¶ 22.  As the Court correctly concluded, it should withhold review of Plaintiff Hall and Soto's claims until "the military chain of command has had *full* opportunity to consider the accommodation requests at issue[,]" so as not to "undermine the purpose of exhaustion and infringe on the military's expertise and interest in handling its own personnel matters."  Mem. Op. at 24 (emphasis added and citations omitted); *see also, e.g.*, *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986) (explaining that in this Circuit, "the salutary rule [is] that 'an aggrieved military officer must first exhaust his administrative remedies with his particular service's Board for Correction of Military Records prior to litigating his claims in a federal court'") (quoting *Knehans v. Alexander*, 566 F.2d 312, 315 (D.C. Cir. 1977)).

"[E]xhaustion may be excused if delaying judicial review would cause irreparable injury, if the agency is not competent to address the issue or to grant effective relief, or if further pursuit of an administrative remedy would be futile."  *Ass'n of Flight Attendants-CWA v. Chao*, 493 F.3d 155, 159 (D.C. Cir. 2007).  Plaintiffs Hall and Soto, however, "have advanced no argument or evidence demonstrating that obtaining review of any future discipline or removal pursuant to ordinary military review procedures would be futile or inadequate."  Mem. Op. at 23-24 (citing

*Bois*, 801 F.2d at 468).  The Court should therefore dismiss the claims of the service member Plaintiffs.[5]

## II.    Plaintiffs Fail To State A Claim On Which Relief May Be Granted.

Even if the Court had jurisdiction, Plaintiffs fail to state a claim for relief.

### A.    Plaintiffs Do Not State RFRA Or Free Exercise Clause Claims.

Plaintiffs' claims under the First Amendment and RFRA are meritless.  Plaintiffs allege that Defendants "have deprived and will continue to deprive Plaintiffs of their First Amendment rights," Compl. ¶ 158, and "prohibit[] Plaintiffs from seeking and receiving exemption and accommodation for their sincerely held religious beliefs against the COVID-19 vaccines," *id.* ¶ 179.  But those allegations are wholly unsupported.  To the contrary, before Executive Order 14043 was enjoined, every Defendant agency accepted requests for religious exceptions, and anyone with a pending request could abstain from COVID-19 vaccination while his request was pending, without discipline.  As the Court explained in November, "each of the Federal Employee Plaintiffs alleges that he or she has already submitted an exemption request, and is awaiting a decision on the request," Mem. Op. at 17, and there is "no basis on the current record to assume that the Federal Employee Plaintiffs' exemption requests will be denied," *id*. at 18 (internal quotation marks omitted).  Indeed, some Plaintiffs have already received religious exceptions.  *See id.* at 18; *supra* note 4.  These claims thus fail for the same reason that they failed in November.

Plaintiffs suggest that the vaccination requirement "unconstitutionally targets religious practice" because "the same vaccination requirement does not apply to other Executive Branch employees (e.g., White House, EOP, CDC, NIH, NIAID)."  Compl. ¶ 159 (emphasis omitted).

---

[5] Even if this Court had jurisdiction over any claim in this case—and it does not—the President should be dismissed because the Court lacks jurisdiction to enter declaratory or injunctive relief against him.  *See Doe 2 v. Trump*, 319 F. Supp. 3d 539, 541-42 (D.D.C. 2018) (Kollar-Kotelly, J.) (citing *Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992)).

Putting aside the fact that religious exceptions are available under the Executive Order, Plaintiffs' premises are wrong. The Department of Health and Human Services is an agency within the meaning of 5 U.S.C. § 105, and the CDC, the National Institutes of Health, and the National Institute of Allergy and Infectious Diseases are components of HHS. Their federal employees are thus subject to the Executive Order. As for the Executive Office of the President, which encompasses the White House, its employees "must obtain a COVID-19 vaccination unless granted an exception as required by law." *See* ECF No. 13-8 (White House memorandum dated Sept. 20, 2021).

Plaintiffs also suggest that the vaccine requirement infringes on Plaintiffs' rights because it "demands Plaintiffs respond to an invasive questionnaire." Compl. ¶ 160. The template questionnaire simply asks employees to "describe the nature of your objection to the COVID-19 vaccination requirement"; indicate how "complying with the COVID-19 vaccination requirement [would] substantially burden your religious exercise or conflict with your sincerely held religious beliefs, practices, or observances"; and "provide any additional information that you think may be helpful in reviewing your request." Religious Exception Request Template, *supra*, https://perma.cc/6A6D-EPH9, at 1. Contrary to being invasive, the template questionnaire is designed to elicit basic facts without which an agency cannot evaluate a request. As the Supreme Court has explained, "an asserted belief must be 'sincere'; a [plaintiff's] pretextual assertion of a religious belief in order to obtain an exemption . . . would fail." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 717 n.28 (2014). Until the Defendants can examine Plaintiffs' claims, "[n]either the government nor the court has to accept the [Plaintiffs'] mere say-so." *United States v. Bauer*, 84 F.3d 1549, 1559 (9th Cir. 1996); *see also, e.g.*, *Fallon v. Mercy Catholic Med. Ctr. of*

12

*Se. Pa.*, 877 F.3d 487, 492 (3d Cir. 2017) (questioning religious nature of objection to vaccination); *Friedman v. Clarkstown Cent. Sch. Dist.*, 75 F. App'x 815, 819 (2d Cir. 2003) (same).[6]

Plaintiffs' facial challenge to DoD's vaccination requirement is also without merit. DoD's vaccination requirement complies with RFRA because the requirement will apply to service members who request a religious exemption only where a denial of any such request is the least restrictive means of furthering a compelling governmental interest. *See* MCO 1730.9 ¶ 4.b (July 12, 2021), https://perma.cc/8B5S-FMGX. Each religious exemption request is reviewed by a commander in the service member's chain of command for an assessment of the command's interest in the individual service member's immunization against COVID-19 and whether less restrictive alternatives to immunization for those within the unit with religious objections could feasibly serve those interests. *See id.* ¶ 4.a-b. Nothing more is required.

Plaintiffs likewise cannot proceed with respect to the First Amendment facial challenge to DoD's vaccination requirement. Plaintiffs claim that the immunization requirement is subject to strict scrutiny under the Free Exercise Clause. Compl. ¶ 198. Even if it were, they cannot succeed on their claim for the same reasons that they cannot prevail with respect to their RFRA facial challenge. In any event, "review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society." *Goldman v. Weinberger*, 475 U.S. 503, 507 (1986). Plaintiffs "cite no authority for [their] proposition that the more free-ranging inquiry [they] propose[] is appropriate in the national security . . . context." *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 n.5 (2018). At most, the

---

[6] To the extent that Plaintiffs are (wrongly) contending that having to request a religious exception is itself an Article III injury, Plaintiffs have already made such requests, and they cannot obtain prospective relief to remedy an alleged injury that has already occurred. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

vaccine requirement is subject to rational basis scrutiny, *see id*. at 2419, which is easily satisfied given the compelling interests it furthers, *see* Mem. Op. at 38-39 (recognizing "the compelling governmental interest in stemming the spread of COVID-19 via a vaccine mandate").

To the extent Plaintiffs raise as-applied challenges, those claims fail at the outset because, as discussed above, Plaintiff Hall and Plaintiff Soto have not exhausted their intra-military administrative remedies.  In an effort to obtain premature review of their claims, Plaintiffs suggest that the military is issuing "blanket denials" and is falsely claiming to undertake an individualized analysis.  Compl. ¶¶ 140-44.  But Plaintiffs allege no facts to support their contention that the Service is engaged in some widespread effort to deny all religious exemption requests.  In fact, to date, the Marine Corps has granted three religious exemption requests.  Ex. 1 (Furness Decl.) ¶ 12. And Plaintiffs disregard the obvious and far more plausible explanation that commanders who have denied requests for religious exemptions have done so because a requirement of immunization is necessary as a matter of their military judgment and narrowly tailored to a compelling government interest in each individualized instance.   "[G]iven more likely explanations" than Plaintiffs' assertion that the religious exemption process is a sham, "they do not plausibly establish this purpose," *cf. Ashcroft*, 556 U.S. at 681, let alone provide the "clear evidence" needed to overcome the "presumption of regularity [that] supports the official acts of public officers." *United States v. Chem. Found.*, 272 U.S. 1, 14–15 (1926).

**B.     Plaintiffs Do Not State An Equal Protection Claim.**

In an equal protection challenge to government action that "does not target a suspect class or burden a fundamental right," the "relevant level of scrutiny is rational basis." *Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 215 (D.C. Cir. 2013).  The challenged vaccination requirements do neither, and they plainly "bear[] a rational relation to some legitimate end." *Dixon v. Dist. of Columbia*, 666 F.3d 1337, 1342 (D.C. Cir. 2011) (citation omitted).  Plaintiffs' claim thus fails.

Plaintiffs' primary contention appears to be that Defendants are burdening a fundamental right because the "Vaccine Mandates single out Plaintiffs based upon their religion." Compl. ¶ 192; *see also id.* ¶¶ 193-201. At the outset, the only Plaintiff whose religious exemption request has been denied is Plaintiff Hall; every other Plaintiffs' request is either pending or has been granted. And in any event, "vaccination requirements, like other public-health measures, have been common in this nation," and do not burden any "fundamental right ingrained in the American legal tradition." *Klaassen v. Trs. of Ind. Univ.*, 7 F.4th 592, 593 (7th Cir. 2021), *emergency application for relief denied*, No. 21A15 (Barrett, J., in chambers) (Aug. 12, 2021); *accord, e.g.*, *Doe v. Zucker*, 520 F. Supp. 3d 217, 249–53 (N.D.N.Y. 2021), *appeal filed*, No. 21-537 (2d Cir. Mar. 5, 2021); *see Jacobson v. Massachusetts*, 197 U.S. 11 (1905) (state may require all members of the public to be vaccinated against smallpox, under penalty of criminal sanctions); *Prince v. Massachusetts*, 321 U.S. 158, 166–67 (1944); *Zucht v. King,* 260 U.S. 174, 177 (1922). Courts have thus "consistent[ly] use[d] . . . rational basis review to assess mandatory vaccination measures." *Klaassen v. Trs. of Ind. Univ.*, --- F. Supp. 3d ----, 2021 WL 3073926, at *24 (N.D. Ind. July 18, 2021), *vacated as moot*, --- F. 4th ----, 2022 WL 213329 (7th Cir. Jan. 25, 2022); *accord, e.g.*, *Brnovich*, 2022 WL 252396, at *25-26; *Zucker*, 520 F. Supp. 3d at 249–53; *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 70 (2020) (Gorsuch, J., concurring) (explaining that *Jacobson* "essentially applied rational basis review" to a state vaccination requirement).

Under that standard, the challenged measure "is presumed constitutional," and "[t]he burden is on the one attacking the [measure] to negative every conceivable basis which might support it." *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)); *see also Hawaii*, 138 S. Ct. at 2420 (courts

"hardly ever strike[] down a policy as illegitimate under rational basis" review, and even then, only where a law "lack[s] any purpose other than a bare . . . desire to harm a politically unpopular group" (citation omitted)).  Here, the Court has already held that the "government has amply demonstrated that military readiness and unit cohesion would be unacceptably harmed should the Court preliminarily enjoin the DoD Vaccine Mandate," Mem. Op. at 39, and that "[e]njoining the Federal Employee Vaccine Mandate could risk sickening swathes of the civil service, prolonging remote work, impeding public access to government benefits and records, and slowing governmental programs," *id.* at 40.  Plaintiffs cite no case holding that a vaccination requirement lacked a rational basis, and Defendants are aware of none.

### C.       Plaintiffs Do Not State A Claim For Violation Of The FDCA.

Section 564 of the FDCA, 21 U.S.C. § 360bbb-3, governs the authorization of medical products, including vaccines, for emergency use.  Plaintiffs' fourth claim alleges that the federal vaccination requirements at issue here are inconsistent with this statutory provision.

This claim fails at the threshold.  As numerous courts have held, "Section 564 does not include a private right of action."  *Doe v. Franklin Square Union Free Sch. Dist.*, --- F. Supp. 3d ----, 2021 WL 4957893, at *20 (E.D.N.Y. Oct. 26, 2021), *appeal filed*, No. 21-2759 (2d Cir. Nov. 2, 2021); *accord Bridges v. Hous. Methodist Hosp.*, 543 F. Supp. 3d 525, 2021 WL 2399994, at *2 (S.D. Tex. June 12, 2021), *appeal filed*, No. 21-20311 (5th Cir. June 14, 2021); *Lloyd v. Sch. Bd. of Palm Beach Cnty.*, --- F. Supp. 3d ----, 2021 WL 5353879, at *4-5 (S.D. Fla. Oct. 29, 2021); *Guilfoyle v. Beutner*, No. 2:21-cv-5009, 2021 WL 4594780, at *27 (C.D. Cal. Sept. 14, 2021). Indeed, Congress expressly committed decisions related to EUAs to the discretion of the Secretary of HHS.  21 U.S.C. § 360bbb-3(i).  And while the D.C. Circuit has held that FDCA violations may be cognizable under the Administrative Procedure Act ("APA") in certain contexts, *see In re Fed.*

*Bureau of Prisons' Execution Protocol Cases*, 980 F.3d 123, 136–37 (D.C. Cir. 2020), Plaintiffs have not pleaded the alleged violation of section 564 as an APA claim.

In any event, Plaintiffs' FDCA claim cannot succeed because it rests on an incorrect interpretation of section 564.  Every court to consider the issue has concluded that section 564 does not prevent employers from imposing workplace discipline, up to and including termination, on employees who choose not to receive an EUA vaccine.  *See Rhoades v. Savannah River Nuclear Sols., LLC*, No. 1:21-cv-3391, 2021 WL 5761761, at *17 (D.S.C. Dec. 3, 2021), *appeal filed*, No. 21-2381 (4th Cir. Dec. 14, 2021); *Villareal v. Rocky Knoll Health Ctr.*, No. 21-cv-729, 2021 WL 5359018, at *3 (E.D. Wis. Nov. 17, 2021); *McCutcheon v Enlivant ES, LLC*, No. 5:21-cv-393, 2021 WL 5234787, at *3 (S.D.W. Va. Nov. 9, 2021); *Valdez v. Grisham*, --- F. Supp. 3d ----, 2021 WL 4145746, at *4 (D.N.M. Sept. 13, 2021), *appeal filed*, No. 21-2105 (10th Cir. Sept. 15, 2021); *Norris v. Stanley*, --- F. Supp. 3d ----, 2021 WL 4738827, at *3 (W.D. Mich. Oct. 8, 2021), *appeal filed*, No. 21-1705 (6th Cir. Nov. 5, 2021); *Johnson v. Brown*, --- F. Supp. 3d ----, 2021 WL 4846060, at *18 (D. Or. Oct. 18, 2021); *Pelekai v. Hawai'i*, No. 21-cv-343, 2021 WL 4944804, at *6 n.9 (D. Haw. Oct. 22, 2021); *Bridges*, 2021 WL 2399994, at *2; *Brnovich*, 2022 WL 252396, at *23–25; *see also* U.S. Dep't of Justice, Office of Legal Counsel, Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization, 45 Op. O.L.C. __, 2021 WL 3418599 (July 6, 2021).

The relevant portion of section 564 provides:

> With respect to the emergency use of an unapproved product, the Secretary [of HHS], to the extent practicable given the applicable circumstances [justifying the authorization of products for emergency use], shall, for a person who carries out any activity for which the authorization is issued, establish such conditions on an authorization under this section as the Secretary finds necessary or appropriate to protect the public health, including the following:

17

(ii) Appropriate conditions designed to ensure that individuals to whom the product is administered are informed--

(III) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks.

21 U.S.C. § 360bbb-3(e)(1)(A).

This provision "confers certain powers and responsibilities to the Secretary of [HHS] in an emergency." *Bridges*, 2021 WL 2399994, at *2. For each COVID-19 vaccine made available under an EUA, HHS properly implemented the provision by requiring that potential vaccine recipients receive a fact sheet informing them, for example, that they have a "choice to receive or not receive" the vaccine (and Plaintiffs do not allege otherwise). *See, e.g.*, FDA, Fact Sheet for Recipients and Caregivers at 4 (revised Jan. 7, 2022), https://perma.cc/2M9Y-DHND. Section 564(e)(1)(A) is directed at the Secretary of HHS, to whom it grants broad discretion to establish conditions on the authorization of a medical product for emergency use. *See* 21 U.S.C. § 360bbb-3(e)(1)(A) (advising the Secretary to implement the provisions "to the extent practicable" and "as the Secretary finds necessary or appropriate to protect the public health"); *id*. § 360bbb-3(i) ("Actions under the authority of this section by the Secretary . . . are committed to agency discretion."). The provision says nothing about whether any employer—public or private—may impose vaccination as an employment condition on employees who are otherwise informed of their medical choice to receive or not receive the vaccination. *See, e.g.*, *Bridges*, 2021 WL 2399994, at *2.

Finally, Plaintiffs' FDCA claim is based on the premise that "the only vaccines that can conceivably be administered are non-FDA approved vaccines only available under EUA." Compl. ¶ 213. As noted above, however, Comirnaty has been approved, and the widely available Pfizer-BioNTech EUA vaccine and Comirnaty "can be used interchangeably without presenting any

18

safety or effectiveness concerns."   FDA, Vaccine Information Fact Sheet for Recipients and Caregivers at 1 n.1 (revised Jan. 3, 2022), https://perma.cc/E6RH-DVRS.  The Moderna COVID-19 vaccine has also now been approved as Spikevax, and "can be used interchangeably with the EUA Moderna COVID-19 Vaccine to provide the COVID-19 vaccination series."   FDA, News Release, *supra*, https://perma.cc/REC8-FQ2R.  Plaintiffs' EUA claim thus fails for that reason as well.  *See Norris v. Stanley*, --- F. Supp. 3d ---, 2021 WL 3891615, at *2 (W.D. Mich. Aug. 31, 2021) (no likelihood of success on EUA claim because it "would be moot" if the plaintiff was offered the FDA-approved Pfizer vaccine); *Valdez*, 2021 WL 4145746, at *4 (rejecting claim that state vaccine mandate violated the EUA statute because "FDA has now given its full approval – not just emergency use authorization – to the Pfizer vaccine"); *Robert v. Austin*, No. 1:21-cv-02228 (D. Colo. Sept. 1, 2021), ECF No. 12, at 5 ("[A]s is now common knowledge, the [FDA] has now fully approved a COVID-19 vaccine, likely rendering moot Plaintiffs' underdeveloped arguments concerning the emergency use authorization for the vaccines currently available.").

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

Dated:  February 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

CHRISTOPHER R. HALL
CARLOTTA P. WELLS
Assistant Directors

/s/ *Steven A. Myers*

STEVEN A. MYERS (NY Bar No. 4823043)
ANDREW E. CARMICHAEL

Senior Trial Counsels
STUART J. ROBINSON
Senior Counsel
JOSEPH J. DEMOTT
COURTNEY D. ENLOW
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 305-8648
E-mail:  steven.a.myers@usdoj.gov

*Counsel for Defendants*