# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STEVEN CHURCH, *et al.*,

    Plaintiffs,

        v.

JOSEPH R. BIDEN, in his official capacity as
President of the United States, *et al.*,

    Defendants.

No. 21-cv-2815 (CKK)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 1

      I.      Plaintiffs' Claims Are Neither Constitutionally Nor Prudentially Ripe. ............... 1

            A.      The Civilian Employees' Claims Are Unripe. .......................................... 1

            B.      The Service Member Plaintiffs' Claims Are Not Justiciable...................... 3

      II.     Plaintiffs Fail To State A Claim On Which Relief May Be Granted. .................... 8

CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*AFGE Loc. 501 v. Biden,
  No. 21-23828-CIV, 2021 WL 6551602 (S.D. Fla. Dec. 22, 2021).............................. 1

*Bois v. Marsh,
  801 F.2d 462 (D.C. Cir. 1986) ........................................................................... 4, 5, 6

*Brnovich v. Biden,
  --- F. Supp. 3d ----, 2022 WL 252396 (D. Ariz. Jan. 27, 2022).................................. 1

Darby v. Cisneros,
  509 U.S. 137 (1993).............................................................................................. 6, 7

Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.,
  217 F. Supp. 3d 79 (D.D.C. 2016),
  aff'd, No. 16-7144, 2017 WL 2373115 (D.C. Cir. Apr. 4, 2017) ............................... 9

Diraffael v. Cal. Military Dep't,
  No. 10-07240, 2011 WL 13274364 (C.D. Cal. Mar. 21, 2011)................................. 6

*Donovan v. Vance,
  No. 4:21-cv-5148-TOR, 2021 WL 5979250 (E.D. Wash. Dec. 17, 2021) ................ 1

Dowds v. Clinton,
  18 F.3d 953 (D.C. Cir. 1994) .............................................................................. 6, 7

Feds for Medical Freedom v. Biden,
  --- F. Supp. 3d ----, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022), appeal pending,
  No. 22-40043 (5th Cir.) ......................................................................................... 2

Goodman v. Dalton,
  No. CIV. A. 93-2493(LFO), 1994 WL 238837 (D.D.C. May 11, 1994)................... 6

Hamblet v. Brownlee,
  319 F. Supp. 2d 422, 426 (S.D.N.Y. 2004).............................................................. 7

Martin v. Stone,
  759 F. Supp. 19 (D.D.C. 1991) ............................................................................... 6

*McCray v. Biden,
  No. 21-2882, 2021 WL 5823801 (D.D.C. Dec. 7, 2021)........................................... 1

*Oviedo v. Washington Metro. Area Transit Auth.*,
    948 F.3d 386 (D.C. Cir. 2020) ................................................... 3

*Rodden v. Fauci*,
    --- F. Supp. 3d ----, 2021 WL 5545234 (S.D. Tex. Nov. 27, 2021) ........................... 3

*Shaw v. Austin*,
    539 F. Supp. 3d 169 (D.D.C. 2021) ..................................... 7

*Tesoro Ref. & Mktg. Co. v. FERC*,
    552 F.3d 868 (D.C. Cir. 2009) ........................................ 5

*U.S. Navy SEALs 1-26 v. Biden*,
    No. 4:21-CV-01236-O, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022),
    *appeal filed*, No. 22-10077, 2022 WL 594375 (5th Cir. Feb. 28, 2022) ................. 5

*United States v. Gears*,
    835 F. Supp. 1093 (N.D. Ind. 1993) ............................... 6

*Von Hoffburg v. Alexander*,
    615 F.2d 633 (5th Cir. 1980) .............................................. 4

**STATUTES**

42 U.S.C. § 2000bb-1 ....................................................... 8

42 U.S.C. § 2000e-16 ....................................................... 3

**REGULATIONS**

Executive Order 14043,
    86 Fed. Reg. 50,989 (Sept. 9, 2021) ............................................. *passim*

**OTHER AUTHORITIES**

Marine Corps Order 1900.16,
    https://perma.cc/2XEN-LLNS ......................................... 5

Safer Federal Workforce Task Force, Frequently Asked Questions ("FAQs"), Vaccinations,
    https://perma.cc/MHT9-5X7T ....................................... 2

Weekly COVID-19 Update,
    https://perma.cc/66U7-9BHM ...................................... 7

## INTRODUCTION

In a comprehensive opinion issued last November, this Court reached two holdings that require the dismissal of this action: (1) federal civilian employees with pending requests for religious exceptions from Executive Order 14043 lack standing to challenge it, *see* ECF No. 17 ("Mem. Op.") at 16-21, and (2) members of the active duty military must exhaust all available remedies before they may challenge the Department of Defense ("DoD") directive requiring them to be vaccinated, *see id.* at 21-24.   Yet to date, no civilian Plaintiff has been denied a religious exception, and no military Plaintiff has been separated, let alone sought review by the cognizant correction boards.   The Court should therefore grant Defendants' motion and dismiss this case.

## ARGUMENT

### I.   Plaintiffs' Claims Are Neither Constitutionally Nor Prudentially Ripe.

### A.   The Civilian Employees' Claims Are Unripe.

The Court has already held that the civilian employees' claims are constitutionally and prudentially unripe: because they either have pending requests for religious exceptions or have already received such exceptions, they are not currently required to be vaccinated and it is unknown whether they ever will be.  Mem. Op. at 16-21; *see also Brnovich v. Biden*, --- F. Supp. 3d ----, 2022 WL 252396, at *8 (D. Ariz. Jan. 27, 2022); *McCray v. Biden*, No. 21-2882, 2021 WL 5823801, at *9 (D.D.C. Dec. 7, 2021); *AFGE Loc. 501 v. Biden*, No. 21-23828-CIV, 2021 WL 6551602, at *7 (S.D. Fla. Dec. 22, 2021); *Donovan v. Vance*, No. 4:21-cv-5148-TOR, 2021 WL 5979250, at *5 (E.D. Wash. Dec. 17, 2021).  Plaintiffs complain that "Defendants rely upon a months-old record devoid of outcome-determinative facts," ECF No. 27 ("Opp.") at 6, but the only facts that have changed since November have made this case less justiciable, not more, *see* ECF No. 23 ("Mot.") at 9 n.4 (describing accommodation requests that have been granted since this Court's denial of the preliminary injunction motion).

As for the civilian Plaintiffs whose requests remain pending, Plaintiffs complain that Defendants have had "more than four months to respond to these requests," Opp. at 11, but passage of time does not render unripe claims ripe. To the contrary, as the Court has explained, "[w]hile the Federal Employee Plaintiffs' exemption requests are pending, they are *not* required to be vaccinated and they are not subject to discipline," and there is "no basis on the current record to assume that the Federal Employee Plaintiffs' exemption requests will be denied." Mem. Op. at 18 (citation omitted). The status quo fully protects Plaintiffs.[1]

Nor does the decision in *Feds for Medical Freedom v. Biden*, --- F. Supp. 3d ----, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022), *appeal pending*, No. 22-40043 (5th Cir.), call into question this Court's holding that individuals with pending exception requests lack ripe claims. That case included some plaintiffs "who have not claimed exemptions," *id.* at *3 n.4, and the court therefore determined that it "need not sort out" whether other plaintiffs who did have pending requests also had ripe claims. *Id.* Yet in an earlier case, the same judge who decided *Feds for Medical Freedom* held (like this Court) that employees who "have claimed an exemption request" lacked even "potentially ripe claims" because "[a]ll of the employer agencies in this case have guaranteed that

---

[1] Nor is there anything untoward about the fact that accommodation requests were not immediately adjudicated. Agencies have generally needed to know how many requests they received before evaluating the extent to which granting them could impede their missions, which means that requests could not be evaluated immediately upon submission. *See, e.g.*, Safer Federal Workforce Task Force, Frequently Asked Questions ("FAQs"), Vaccinations, https://perma.cc/MHT9-5X7T ("Vaccination FAQs") (choose "Limited Exceptions to Vaccination Requirement") ("In order to ensure that agencies can fully understand the effect of accommodation requests on their operations and to seek to ensure timely review of requests for an accommodation, agencies should establish a date by which employees should as a general matter notify agencies that they are seeking a legally required exception to the requirement to be fully vaccinated."). And since mid-January, the government has been subject to a nationwide injunction prohibiting it from "implementing or enforcing Executive Order 14043," *Feds for Medical Freedom v. Biden*, --- F. Supp. 3d ----, 2022 WL 188329, at *8 (S.D. Tex. Jan. 21, 2022), *appeal pending*, No. 22-40043 (5th Cir.), which has prohibited the government from considering these requests.

their employees will be given at least two weeks to initiate the vaccination process after their exemption requests are resolved." *Rodden v. Fauci*, --- F. Supp. 3d ----, 2021 WL 5545234, at *2-3 (S.D. Tex. Nov. 27, 2021). The same logic continues to apply in this case: every civilian Plaintiff has either requested or been granted a religious exception, and no Plaintiff with a pending religious exception request will be subject to discipline for failing to be vaccinated. No court has held that such claims are justiciable, and this Court should not be the first.[2]

**B.    The Service Member Plaintiffs' Claims Are Not Justiciable.**

The service member Plaintiffs have also failed to demonstrate that their claims are justiciable. According to Plaintiffs, "[t]here are no further intra-military remedies available" because the Marine Corps has denied the appeals of Plaintiff Soto and Plaintiff Hall. Opp. at 12. Plaintiffs' argument, however, is based on a misunderstanding of fact and law.

As an initial matter, Plaintiffs are mistaken that a Board of Inquiry will consider Plaintiff Soto's and Plaintiff Hall's vaccine refusal. *See* Mot. at 13. Plaintiff Soto is a probationary officer, and Plaintiff Hall is an enlisted Marine with fewer than six years of service, and thus each is entitled to notification and an opportunity to submit written matters to the separation authority—not a Board of Inquiry. *See* ECF No. 23-1 (Decl. of David J. Furness) ¶¶ 17-20. Further, while Plaintiff Soto has not yet been processed for separation, *see* Ex. 1, attached hereto; ECF No. 23-2

---

[2] Finally, the opposition's suggestion that Plaintiffs have been "subject[] to hostility in the workplace" or "subjected to testing policies" on account of their unvaccinated status misses the mark. *See generally* Opp. at 8, 12. With respect to the civilian employees, the complaint challenges Executive Order 14043, which directs agencies to require that their employees be vaccinated. *See generally* Compl. Prayer for Relief. The complaint does not challenge any particular agency's COVID-19 workplace safety protocols, many of which predated Executive Order 14043. The complaint also does not allege any facts concerning "workplace hostility"; to the extent that Plaintiffs now mean to suggest a hostile work environment in violation of Title VII, they have neither pleaded a Title VII claim in their complaint, nor included any facts supporting such a claim, nor complied with Title VII's exhaustion requirements. *See* 42 U.S.C. § 2000e-16(c); *Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 393 (D.C. Cir. 2020).

(Decl. of Lieutenant General William M. Jurney) ¶ 7; Mem. Op. at 22 (denying Plaintiffs' motion for preliminary relief in part because "neither Service Member Plaintiff has been disciplined or separated from the Marine Corps"), the separation authority has determined that Plaintiff Hall is to receive a General (under Honorable conditions) discharge.  Ex. 2, attached hereto.[3]

Nevertheless, adequate administrative remedies remain available to both service member Plaintiffs.  Plaintiff Soto is incorrect insofar as he argues that his ability to submit written matters is not a remedy because by then he will have been accused of misconduct.  Opp. at 13-14, 16-18. The Assistant Secretary of the Navy may still grant Plaintiff Soto's request for religious accommodation from the vaccination requirement, and both Plaintiff Hall and Plaintiff Soto can seek relief from the cognizant review boards.  *See* ECF No. 23-1 (Furness Decl.) ¶¶ 17, 20, 23. Accordingly, there is no reason to doubt the adequacy of this remedy, regardless of whether the separation authority or review boards are considering alleged misconduct.  *See, e.g.*, *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986) (no exception to exhaustion applied where "no reason has been advanced to suggest that the ABCMR [Army Board for Correction of Military Records] lacks the power to provide Bois with complete relief or that it would not fairly consider all her claims"); *Von Hoffburg v. Alexander*, 615 F.2d 633, 641 (5th Cir. 1980) (holding exhaustion required as to plaintiff's claim regarding her honorable discharge, but that exhaustion not required as to monetary damages claim because "[i]t is clear that appeal to the ABCMR cannot adequately resolve" that claim).

Nor have Plaintiffs demonstrated that exhaustion would be futile.  Opp. at 14, 16-17. According to Plaintiffs, "for the military to find its own Secretary's order unlawful is undoubtedly impossible."  Opp. at 17.  But the separation authority is not reviewing whether ALNAV 062/61

---

[3] Plaintiff Hall is scheduled to be separated by the end of March 2022.  *See* Ex. 2.

or MARADMIN 462/21 is unlawful; rather, the separation authority reviews the proceedings to ensure compliance with applicable policies, as well as whether the facts meet the criteria for discharge and, if so, the appropriate characterization of service.  *See* Marine Corps Order 1900.16, ¶¶ 1004.3-4, 6306, available at https://perma.cc/2XEN-LLNS.  Plaintiffs also assert that "[t]he record all but compels the conclusion that the military process will deny relief[.]"  Opp. at 17.  As Plaintiffs acknowledge, however, the Marine Corps has granted certain religious exemption requests.  *See id.* at 15.  And as the D.C. Circuit has explained, "even if one were to concede that an unfavorable decision was highly likely, that does not satisfy our strict futility standard requiring a certainty of an adverse decision."  *Tesoro Ref. & Mktg. Co. v. FERC*, 552 F.3d 868, 874 (D.C. Cir. 2009) (alterations and ellipses omitted); *see also Bois*, 801 F.2d at 468.

In support of their exhaustion argument, Plaintiffs rely on the preliminary injunction entered by the U.S. District Court for the Northern District of Texas in *U.S. Navy SEALs 1-26 v. Biden*, 2022 WL 34443, at *14 (N.D. Tex. Jan. 3, 2022), *appeal filed*, No. 22-10077 (5th Cir.). The government strongly disagrees with that decision on multiple grounds and has filed a notice of appeal.  Among other errors, the district court waived the exhaustion requirement, reasoning that exhaustion would be futile because the plaintiffs' religious accommodation requests will likely be denied.  *See id.* at *5-7.  But as noted above, the D.C. Circuit has required exhaustion even where it viewed relief as unlikely.[4]

Indeed, cases within and outside this Circuit have declined to review claims pending exhaustion of available intra-service remedies, including in some cases before cognizant review

---

[4] The Fifth Circuit has denied the government's motion for a partial stay.  *U.S. Navy SEALs 1-26 v. Biden*, No. 22-10077, 2022 WL 594375 (5th Cir. Feb. 28, 2022).  The government disagrees with that decision for similar reasons and has submitted an application to the Supreme Court for a partial stay.  No. 21A477 (March 7, 2022).

boards that may grant the requested relief. *Bois*, 801 F.2d at 468; Ex. 3, Order, *Short v. Berger*, No. 2:22-cv-01151 (C.D. Cal. March 3, 2022) (exhaustion requirement not met where religious accommodation request denied on appeal); *Diraffael v. Cal. Military Dep't*, No. 10-07240, 2011 WL 13274364, at *2-3 (C.D. Cal. Mar. 21, 2011) (concluding plaintiff's administrative remedies not exhausted when his separation proceedings were still underway); *Goodman v. Dalton*, No. CIV. A. 93-2493(LFO), 1994 WL 238837, at *1 (D.D.C. May 11, 1994) ("Plaintiff elected not to have an administrative separation hearing or a separation physical.  In addition, plaintiff did not apply for relief to the Board for Correction of Naval Records.  Plaintiff must pursue such administrative remedies prior to seeking relief in this Court."); *United States v. Gears*, 835 F. Supp. 1093, 1098 (N.D. Ind. 1993) (holding plaintiff failed to exhaust remedies where plaintiff declined to submit show cause statement to Secretary of the Navy, and rejecting plaintiff's argument that "such an act would be futile because the Secretary merely 'rubber stamps' the recommendations he received"); *Martin v. Stone*, 759 F. Supp. 19, 20-21 (D.D.C. 1991) ("Although the *Bois* case involved a post-discharge action to correct a military record, the Court believes that the language and rationale of that opinion applies equally to this case where the correction would require reinstatement into the service.").  Plaintiffs offer no reason for the Court to proceed until at least after "the military chain of command has had *full* opportunity to consider the accommodation requests at issue."  *See* Mem. Op. at 23 (explaining that the Court should withhold review of Plaintiff Hall's and Plaintiff Soto's claims "so as not to "undermine the purpose of exhaustion and infringe on the military's expertise and interest in handling its own personnel matters") (emphasis added and citations omitted).[5]

---

[5] In an unpublished opinion not cited by Plaintiffs, the D.C. Circuit, relying on *Darby v. Cisneros*, 509 U.S. 137 (1993), rejected an argument that a service member must resort to the

Plaintiffs cannot salvage their claims by asserting that the military is offering religious exemptions "in bad faith." Opp. at 15; *see id.* at 14 (alleging "a complete farce"). Plaintiffs provide no response to the factual and legal deficiencies identified by Defendants in response to this theory, *see* Mot. at 14, including that the Marine Corps has in fact granted religious accommodation requests and that the Court must presume the military is acting in good faith, *see* Weekly COVID-19 Update, https://perma.cc/66U7-9BHM; *see also* Ex. 3 (*Short* Order) at 5-6 (rejecting argument that the religious accommodation process is "a sham" and noting that the Marine Corps has granted requests); *Shaw v. Austin*, 539 F. Supp. 3d 169, 183 (D.D.C. 2021). Equally meritless is Plaintiffs' argument that the granting of medical exemptions undermines Defendants' process for considering religious exemptions. *See* Opp. at 15-16. The military considers both medical and religious exceptions on a case-by-case basis, and it has granted some of each based on the applicable standards. Moreover, those who have been granted a medical exemption are subject to the same policies and/or restrictions as those who remain unvaccinated for any other reason. Plaintiffs also do not acknowledge that the Marine Corps is approving mostly *temporary* medical exemptions to service members, who must be vaccinated when their condition is resolved. *See* Ex. 3 (*Short* Order) at 7 (noting that the Marine Corps has granted only 21 permanent medical exemptions, and explaining that "[o]nly *permanent* medical exemptions are

---

military board of corrections. *Dowds v. Clinton*, 18 F.3d 953 (D.C. Cir. 1994). But the reasoning in *Darby* does not apply here. In that case, the Supreme Court held that "an appeal to 'superior agency authority' is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." *Darby*, 509 U.S. at 154. But importantly, the Supreme Court stated that "[o]f course, the exhaustion doctrine continues to apply as a matter of judicial discretion in cases not governed by the APA." *Id.* at 153-54. Lower courts have repeatedly recognized that distinction, including in the context of claims brought by service members, *see*, *e.g.*, *Hamblet v. Brownlee*, 319 F. Supp. 2d 422, 426 (S.D.N.Y. 2004). Plaintiffs here have not asserted an APA claim as to their religious exemption requests; *Darby* is thus inapposite.

analogous to religious exemptions, because a religious belief is not likely to be temporary, and a temporary accommodation is much different—and likely much easier to accommodate—than a permanent one"); *see also* ECF No. 23-1 (Furness Decl.) ¶¶ 7-11.   The number of medical exemptions, moreover, has been steadily declining.   *Compare* Ex. 4, Decl. of Mark R. Reid, *Navy SEAL 1 v. Biden*, No. 8:21-cv-02429 (M.D. Fla. Feb. 4, 2022), ECF No. 73-4, *with* Ex. 5, Decl. of Mark R. Reid, *Navy SEAL 1 v. Biden*, No. 8:21-cv-02429 (M.D. Fla. Jan. 7, 2022), ECF No. 47-4 (showing the number of temporary medical exemptions in the Marine Corps dropped from 419 to 232 over the span of a month).   And as the court in *Short* recently noted, "the fact that the military has already accommodated some unvaccinated members could be all the more reason why it has a compelling interest in avoiding a slide down the slippery slope of potentially thousands more accommodations."   Ex. 3 (*Short* Order) at 7.   Therefore, the fact that the Marine Corps has granted exemptions where the health of the member would have been compromised by vaccination does not diminish its assessment that vaccination is necessary to achieve its interest in readiness.

The Court should therefore dismiss Plaintiff Hall's and Plaintiff's Soto's as-applied claims as non-justiciable.

## II.   Plaintiffs Fail To State A Claim On Which Relief May Be Granted.

Even if the Court had jurisdiction, Plaintiffs fail to state a claim for relief.   Plaintiffs have abandoned their claims under the Federal Food, Drug, and Cosmetic Act and the Fifth Amendment, *see* Opp. at 3, which means that the only remaining claims arise under the Religious Freedom Restoration Act ("RFRA") and the Free Exercise Clause.   Those claims, too, must be dismissed.

With respect to the federal civilian employees, on a motion to dismiss, the Court need not question their allegations as to whether becoming vaccinated against COVID-19 would substantially burden their sincerely held religious beliefs.   *See* Opp. at 19-20.   Plaintiffs nevertheless fail to state a claim because they do not allege any government action that has actually

burdened those religious beliefs.  *See* 42 U.S.C. § 2000bb-1(a) ("Government shall not substantially burden a person's exercise of religion . . . .").  With respect to Plaintiffs' facial challenge, Executive Order 14043 and Task Force guidance provide that agencies should provide religious exceptions where required by law.  A vaccination mandate that expressly permits religious exceptions in compliance with federal law does not facially violate RFRA or the Free Exercise Clause, notwithstanding Plaintiffs' entirely unsupported speculation that "Defendants will not grant at least some Plaintiffs an accommodation."  Opp. at 21.  Nor can the civilian Plaintiffs bring an as-applied challenge; as set out above, the pendency of Plaintiffs' accommodation requests does not injure them, and any testing requirements imposed upon unvaccinated employees are disconnected from Executive Order 14043 (and in any case the complaint is silent about religious objections to COVID-19 testing).  And because the government has not sought to apply Executive Order 14043 to any of the civilian Plaintiffs, their extended discussion of why application of the mandates to them would fail strict scrutiny, *see* Opp. at 22-23, is entirely beside the point.

Defendants also moved to dismiss Plaintiffs' facial challenges to DoD's vaccination requirement.  Mot. at 13-14.  Because Plaintiffs failed to respond to these arguments, their facial challenges should be deemed abandoned.  *Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.*, 217 F. Supp. 3d 79, 82 (D.D.C. 2016) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded.") (citation omitted), *aff'd*, No. 16-7144, 2017 WL 2373115 (D.C. Cir. Apr. 4, 2017).

## CONCLUSION

The Court should grant Defendants' motion to dismiss.

Dated:  March 11, 2022                                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

CHRISTOPHER R. HALL
CARLOTTA P. WELLS
Assistant Directors

/s/ *Stuart J. Robinson*
STEVEN A. MYERS (NY Bar No.
4823043)
ANDREW E. CARMICHAEL
Senior Trial Counsels
STUART J. ROBINSON
Senior Counsel
JOSEPH J. DEMOTT
COURTNEY D. ENLOW
R. CHARLIE MERRITT
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (415) 436-6635
E-mail:  stuart.j.robinson@usdoj.gov

*Counsel for Defendants*