UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN CHURCH, *et al.*,
    Plaintiffs,

v.

JOSEPH R. BIDEN, in his official capacity as President of the United States, *et al.*,
    Defendants.

Civil Action No. 21-2815 (CKK)

**MEMORANDUM OPINION**
(May 11, 2022)

The plaintiffs in this case include eighteen federal civilian employees ("Federal Employee Plaintiffs")[1] and two active-duty Marines ("Service Member Plaintiffs")[2] (collectively, "Plaintiffs"). By virtue of their federal civilian and military employment, Plaintiffs are subject to the COVID-19 vaccine mandates imposed under Executive Order 14043 and Secretary of Defense Lloyd Austin's August 24, 2021 order for the vaccination of military personnel. Plaintiffs claim that the vaccination requirements imposed by these orders infringe on their religious freedoms under the First Amendment and the Religious Freedom Restoration Act ("RFRA").[3]

Pending before the Court is Defendants' [23] Motion to Dismiss. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole,[4] the Court concludes that it

---

[1] The "Federal Employee Plaintiffs" are: Steven Church, Lesley Church, Alma Gonzalez, Dynika Barnwell, Douglas Czerwinski, Jason Coffey, Joshua Schmidt, Melina Royer, Tamika Walls, Jaime Espitia, Somer Stephens, Alex Berne, Alan Camp, Stephanie Perrotta, Christopher Axtell, Grace Brown, Kristofor Hallfrisch, and Dorothy Morgan.

[2] The "Service Member Plaintiffs" are: First Lieutenant Andrew Soto and Corporal Christopher Hall.

[3] Plaintiffs have voluntarily dismissed Counts 3 and 4 of their Complaint, which challenge these vaccine mandates under the Food, Drug, and Cosmetic Act ("FDCA") and Equal Protection clause of the Fifth Amendment. *See* Pls.' Opp'n at 3.[4] The Court's consideration has focused on the following: Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mot."), ECF No. 23; Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pls.' Opp'n"), ECF No. 27; and Reply Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Reply"), ECF No. 28. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

[4] The Court's consideration has focused on the following: Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mot."), ECF No. 23; Plaintiffs' Memorandum of Law in Opposition to

lacks jurisdiction over the Federal Employee Plaintiffs' remaining claims and therefore **GRANTS IN PART** Defendants' [23] Motion to Dismiss and **DISMISSES** this case without prejudice as to the Federal Employee Plaintiffs.  The Court shall **HOLD IN ABEYANCE** Defendants' [23] Motion to Dismiss as to the Service Member Plaintiffs, and shall address those claims in a separate Memorandum Opinion.

## I.  BACKGROUND

### A.  COVID-19 Pandemic & Vaccine Development

Coronavirus disease ("COVID-19") is an infectious disease caused by the SARS-CoV-2 virus.[5]  Spread principally by "exposure to respiratory fluids," the "initial presentation of a [COVID-19] infection ranges from no symptoms at all (asymptomatic) to severe illness and death; and even after recovery, various long-term health problems may linger."  *Klaasen v. Trustees of Ind. Univ.*, --- F. Supp. 3d ---, 2021 WL 3073926, at *2 (N.D. Ind. July 18, 2021) (internal citations omitted).[6]  To date, approximately 46 million cases of COVID-19 have been reported in the United States; the disease has claimed the lives of more than 995,000 Americans.[7]

As another federal district court summarized, "COVID-19 caught the world unaware. Initially, there were no vaccines or treatments[.]"  *Klaassen*, 2021 WL 3073926, at *8.  Shortly after then-President Donald J. Trump declared a national emergency on March 13, 2020, *see* 85

---

Defendants' Motion to Dismiss ("Pls.' Opp'n"), ECF No. 27; and Reply Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Reply"), ECF No. 28.  In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

[5] World Health Org., *Coronavirus disease (COVID-19)*, https://www.who.int/health-topics/coronavirus#tab=tab_1 (last visited May 11, 2022).

[6] *See also* CDC, *Scientific Brief: SARS-CoV2 Transmission*, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/sars-cov-2-transmission.html (last visited May 11, 2022); CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2022).

[7] *See* CDC, *COVID-19 Data Tracker*, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last visited May 11, 2022).

Fed. Reg. 15,337 (Mar. 13, 2020), the Secretary of the U.S. Department of Health and Human Services ("HHS") determined that "circumstances exist justifying the authorization of emergency use of drugs and biological products during the COVID-19 pandemic," *see* 85 Fed. Reg. 18,250, 18,250–51 (Apr. 1, 2020). In such circumstances, the U.S. Food and Drug Administration ("FDA") may issue an "emergency use authorization" ("EUA") for FDA-regulated products "intended for use" in responding to the emergency before such products receive FDA "approval." *See* 21 U.S.C. § 360bbb-3(a)(1). In October 2020, the FDA issued guidance to vaccine developers, "outlining [the FDA's] expectations for vaccine sponsors," including the "scientific data and information" that would be required to obtain an EUA.[8]

In late 2020 and early 2021, the FDA issued EUAs for COVID-19 vaccines developed by three companies—Pfizer BioNTech, Moderna, and Johnson & Johnson.[9] On August 23, 2021, the FDA approved the vaccine created by Pfizer BioNTech, which would be marketed as "Comirnaty," for "the prevention of COVID-19 disease in individuals 16 years of age and older."[10] On January 31, 2022, Moderna's vaccine obtained FDA approval for its intended use by individuals aged 18 years and older.[11]

---

[8] *See* FDA, *Coronavirus (COVID-19) CBER-Regulated Biologics*, *Emergency Use Authorization*, https://www.fda.gov/vaccines-blood-biologics/industry-biologics/coronavirus-covid-19-cber-regulated-biologics (last visited May 11, 2022). The latest version of the FDA's Industry Guidance was issued on May 25, 2021, superseding the original guidance issued in October 2020 and a second iteration dated February 22, 2021. *See* Emergency Use Authorization for Vaccines to Prevent COVID-19, Guidance for Industry (May 25, 2021), https://www.fda.gov/media/142749/download.

[9] *See* FDA, *Moderna COVID-19 Vaccine*, https://www fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine (last visited May 11, 2022); FDA, *Comirnaty and Pfizer-BioNTech COVID-19 Vaccine*, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/comirnaty-and-pfizer-biontech-covid-19-vaccine (last visited Nov. 8, 2021); FDA, *Janssen COVID-19 Vaccine*, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/janssen-covid-19-vaccine (last visited May 11, 2022).

[10] *See* FDA News Release, FDA Approves First COVID-19 Vaccine (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

[11] *See* FDA, News Release, FDA Takes Key Action by Approving Second COVID-19 Vaccine (Jan. 31, 2022), https://www.cambridgema.gov/covid19/News/2022/01/modernaapproval.

**B. Executive Order 14043**

On September 9, 2021, President Joseph R. Biden issued Executive Order 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees. *See* Exec. Order 14043, 86 Fed. Reg. 50,989 (Sept. 9, 2021) (hereinafter "Executive Order 14043"). Noting that "COVID-19 vaccines are widely available in the United States," Executive Order 14043 concludes that it is "essential that Federal employees take all available steps to protect themselves and avoid spreading COVID-19 to their co-workers and members of the public. The [Centers for Disease Control ("CDC")] has found that the best way to do so is to be vaccinated." *Id.* § 1. Accordingly, "[e]ach agency" is instructed to "implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its Federal employees, with exceptions only as required by law." *Id.* § 2.

Executive Order 14043 directs the Safer Federal Workforce Task Force ("Task Force")[12] to "issue guidance within 7 days . . . on agency implementation of this requirement for all agencies covered by this order." *Id.* The resulting guidance directed that "[f]ederal employees need to be fully vaccinated by November 22, 2021." *See* Safer Federal Workforce, FAQs, Vaccinations, https://www.saferfederalworkforce.gov/faq/vaccinations/ ("Task Force Vaccine Guidance") (last visited May 11, 2022). Federal employees are "considered fully vaccinated for COVID-19 2 weeks after they have received the requisite number of doses of a COVID-19 vaccine," meaning that federal employees must receive their "last dose of the vaccine by no later than November 8,

---

[12] Established by Executive Order 13991 on January 20, 2021, the Task Force is comprised of executive agency officials and charged with "provid[ing] ongoing guidance to heads of agencies on the operation of the Federal Government, the safety of its employees, and the continuity of Government functions during the COVID-19 pandemic." Executive Order 13991 § 4(e), 86 Fed. Reg. 7,045, 7,046 (Jan. 20, 2021).

2021 to meet the November 22, 2021 deadline to be fully vaccinated."[13]  *Id.*  Employees who fail to comply with this deadline and "have neither received an exception nor have an exception request under consideration" are "subject to discipline, up to and including termination or removal."  *Id.*

The Task Force Vaccine Guidance recognizes that certain federal employees may be eligible for an exception to the vaccine requirement in "limited circumstances" in which "the law requires an exception":

> [A]n agency may be required to provide a reasonable accommodation to employees who communicate to the agency that they are not vaccinated against COVID-19 because of a disability or because of a sincerely held religious belief, practice, or observance. Determining whether an exception is legally required will include consideration of factors such as the basis for the claim; the nature of the employee's job responsibilities; and the reasonably foreseeable effects on the agency's operations, including protecting other agency employees and the public from COVID-19.  Because such assessments will be fact- and context-dependent, agencies are encouraged to consult their offices of general counsel with questions related to assessing and implementing any such requested accommodations.

*Id.*[14]  The Guidance directs agencies to set a date by which employees can request exceptions, but also allows employees to "submit requests for an exception after the date established by the agency."  *Id.*

Defendants note that an employee "who requests an exception will not be subject to discipline while the request is under consideration."  Defs.' Mot. at 4; *see also* Task Force Vaccine Guidance ("Agencies may initiate the enforcement process as soon as November 9, 2021, for employees who fail to submit documentation to show that they have completed receiving required

---

[13] Recipients of the two-dose Pfizer-BioNTech or Moderna COVID-19 vaccine must receive their second dose by no later than November 8, 2021.  Recipients of the one-dose Johnson & Johnson vaccine would have to receive their only dose by no later than November 8, 2021 to be considered "fully vaccinated" by November 22, 2021.  *See* Task Force Vaccine Guidance.

[14] *See* Safer Federal Workforce, Template for Request for Religious Exception to the COVID-19 Vaccination Requirement, https://perma.cc/6A6D-EPH9 ("Religious Exception Template").

vaccination dose(s) by November 8, *as long as those employees have not received an exception and the agency is not considering an exception request* from the employee." (emphasis added)). If an employee's request for a religious exception is denied, then the employee must receive "their first (or, if a one-dose series, only), dose within two weeks of the final determination to deny the accommodation." Task Force Vaccine Guidance.

Although another federal district court previously granted a nationwide preliminary injunction prohibiting the government from "implementing or enforcing" Executive Order 14043, Defs.' Mot. at 4 (citing *Feds for Med. Freedom v. Biden*, --- F. Supp. 3d ---, 2022 WL 188329, at *8 (S.D. Tex. Jan. 21, 2022)), the U.S. Court of Appeals for the Fifth Circuit has since directed that the injunction be vacated, *see Feds for Med. Freedom v. Biden*, 30 F.4th 503, 511 (5th Cir. 2022).[15]  The Task Force has advised that during the pendency of the nationwide preliminary injunction, agencies should not "process requests that they have already received for . . . religious exceptions to the COVID-19 vaccination requirement pursuant to E.O. 14043," and that they should "notify employees with pending exception requests . . . that an exception therefore is not necessary so long as the nationwide injunction is in place." Safer Federal Workforce Task Force, Frequently Asked Questions Related to Compliance with the Applicable Preliminary Nationwide Injunction on Implementation and Enforcement of the Vaccination Requirement Pursuant to [EO] 14043 at 2 (Jan. 24, 2022), https://www.saferfederalworkforce.gov/downloads/FAQs_compliance_injunction_EO%2014043_20220124.pdf.

---

[15] After the Fifth Circuit's order, the government in *Feds for Medical Freedom* filed a motion seeking a stay of the preliminary injunction "pending issuance of the mandate and any further appellate proceedings," or, in the alternative, requested that the "Court issue the mandate forthwith." Gov.'s Emergency Motion, April 11, 2022, *Feds for Med. Freedom et al. v. Biden et al.*, Case No. 22-40043 (5th Cir.).  As of the date of the Memorandum Opinion, that motion is still pending.

C. **Plaintiffs' Factual Background**[16]

The Federal Employee Plaintiffs are eighteen civilian employees of various executive agencies. *See* Compl. ¶¶ 5–22. Each Federal Employee Plaintiff alleges that he or she submitted a request for a religious exception to the mandatory vaccination provision of Executive Order 14043 on the basis that he or she is a "devout Christian who cannot in morality receive the vaccine without compromising [his or her] closely held religious beliefs."[17] *Id.* ¶¶ 5–22, 60–77.

Since the Complaint was filed, Plaintiff Kristofor Hallfrisch began employment with the Department of Interior (having previously been employed by the Department of State), where he was granted an "interim accommodation" while his exemption request remains under review. Defs.' Mot. Ex. 5, Declaration of Terri L. Wales ("Wales Decl.") ¶ 2, ECF No. 23-5. Plaintiff Lesley Church's request for a religious accommodation "pursuant to which she would not be required to receive the COVID-19 vaccination" was granted as of November 23, 2021. Defs.' Mot. Ex. 4, Declaration of Adrian Bennett ("Bennett Decl.") ¶ 3, ECF No. 23-4. Based on the present record, the religious exception requests by all other Federal Employee Plaintiffs remain pending. *See* Compl. ¶¶ 60–61, 63–77; *see* Defs.' Mot. at 9 n.4.

D. **Procedural Posture**

Plaintiffs filed their four-count Complaint in this action on October 24, 2021. *See* Compl., ECF No. 1. Therein, the Federal Employee Plaintiffs claim that the COVID-19 vaccination requirement of Executive Order 14043 (1) infringes on their First Amendment right to the free

---

[16] The Court shall address only the factual background pertinent to the Federal Employee Plaintiffs, and shall reserve its discussion of the facts as to the Service Member Plaintiffs.

[17] Health care professionals employed by the Department of Veterans Affairs, including Plaintiff Stephanie Perrotta, are also subject to a separate mandate, VA Notice 22-01, which required compliance by October 8, 2021. *See* VA Notice 22-01, Mandatory Coronavirus Disease 2019 (COVID-19) Vaccination Program for VA Employees (Oct. 4, 2021), https://perma.cc/VH9Z-TQT4. VA Notice 22-01 permits requests for religious exceptions, *see* VA Notice 22-01 at 3, 4, 9–10, and provides that employees will not be disciplined while a request is pending, *see id.* at 10.

exercise of religion, Compl. ¶¶ 156–69; (2) contravenes the Religious Freedom Restoration Act ("RFRA") by "substantially burdening" their "sincerely held religious beliefs" which compel them to abstain from receiving any COVID-19 vaccine, *id.* ¶¶ 170–79; (3) violates their Fifth Amendment Right to Equal Protection, *id.* ¶¶ 190–202; and (4) violates the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 360bbb-3 *et seq.*, by failing to provide them the "option to accept or refuse administration" of a product available under emergency-use authorization, Compl. ¶¶ 203–20.  Each Federal Employee Plaintiff asserts these claims against President Biden and the head of the agency at which the plaintiff is employed in his or her official capacity.  *See id.* ¶¶ 5–22.

On October 27, 2021, Plaintiffs filed an [5] Emergency Application for Temporary Restraining Order and Motion for Preliminary Injunction ("TRO/PI Motion"), seeking to "enjoin the enforcement" of the Vaccine Mandates.  Pls.' TRO/PI Mot. at 1.  The Court denied Plaintiffs' TRO/PI Motion on November 8, 2021.  *See* Order, ECF No. 16; *Church v. Biden*, --- F. Supp. 3d ---, 2021 WL 5179215 (D.D.C. Nov. 8, 2021).  In addition to concluding that Plaintiffs had not demonstrated the required "certainty of irreparable harm," the Court also concluded that Plaintiffs had failed to "show a likelihood of success that their claims are ripe for consideration."  *Church*, 2021 WL 5179215, at *8, 11.

On February 4, 2022, Defendants filed their pending [23] Motion to Dismiss, which is now ripe for the Court's consideration.  In their Opposition, Plaintiffs voluntarily dismissed their Equal Protection and FDCA claims, *see* Pls.' Opp'n at 3, and so only their First Amendment and RFRA claims remain pending.

## II.     LEGAL STANDARD

A court must dismiss a case pursuant to Federal Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").

"At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

### III. DISCUSSION

Defendants contend that the Court lacks jurisdiction over the Federal Employee Plaintiffs' claims because they are neither constitutionally nor prudentially ripe. The Court agrees, and so shall dismiss the Federal Employee Plaintiffs' claims for lack of jurisdiction.

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149 (1967)). The ripeness doctrine "generally deals with when a federal court can or should decide a case." *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 386 (D.C. Cir. 2012). Part of the ripeness doctrine is "subsumed into the Article III requirement of standing, which requires a petitioner to allege *inter alia* an injury-in-fact that is 'imminent' or 'certainly impending.'" *Id.* (citing *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427–28 (D.C. Cir. 1996)). For a claim to be ripe under Article III, the plaintiff "must establish constitutional minima akin to that of standing by showing an injury-in-fact; allegations of possible future injury do not satisfy this requirement." *Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 873 F. Supp. 2d 363, 368 (D.D.C. 2012) (citing *Wyo. Outdoor Council v. U.S. Forest Serv.*, 165 F.3d 43, 48 (D.C. Cir. 1999)). In other words, a case is not "constitutionally" ripe where it is "dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

The Federal Employee Plaintiffs have not demonstrated that their remaining claims are constitutionally ripe because they are "riddled with contingencies and speculation that impede judicial review." *Trump*, 141 S. Ct. at 535. According to Plaintiffs, mandatory vaccination against COVID-19 "burdens" their right to freely exercise their religion in violation of the First Amendment and RFRA by requiring them to choose (a) to be vaccinated in contravention of their "sincerely held religious beliefs"; or (b) to be terminated from their jobs. *See* Pls.' Opp'n at 7–8.; Compl. ¶¶ 57, 179. But this argument hinges on "contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump*, 141 S. Ct. at 535. As previously noted, while the Federal Employee Plaintiffs' exemption requests are pending, they are *not* required to be vaccinated and they are not "subject to discipline." *See supra* Section I(B); *see also* Task Force Vaccine Guidance (indicating that agencies may not "initiate the enforcement process" for employees who "have not received an exception" or from whom "the agency is not considering an exception request"). And, in the event their exemption requests are ultimately approved, they would not have to be vaccinated against COVID-19, meaning the injuries alleged in this case would *never* occur.

The Federal Employee Plaintiffs rely on the recent decision by the U.S. District Court for the Southern District of Texas, granting a preliminary injunction against enforcement of Executive Order 14043, in support of their argument that their claims are ripe for judicial review. In that case, the court rejected the government's argument that federal employee plaintiffs "*who ha[d] not claimed exemptions*" did not have ripe claims because, according to court, "at least some" of *those* plaintiffs "face an inevitable firing." *Feds for Med. Freedom*, 2022 WL 188329, at *3 (emphasis added). The Federal Employee Plaintiffs here contend that they too face an "imminent" harm sufficient to demonstrate ripe claims. Pls.' Opp'n at 7–8. Unlike in this case, however,

11

certain plaintiffs in *Feds For Medical Freedom* case elected to forego vaccination without ever seeking a religious accommodation—and therefore never had such exception requests pending. *Feds for Med. Freedom*, 2022 WL 188329, at *3 n.4. Therefore, they were in a different position than the plaintiffs here, who will not face discipline or termination for failing to comply with Executive Order 14043 while their accommodation requests remain pending. In a separate case, the same court that decided *Feds for Med. Freedom* concluded that federal-employee plaintiffs who had sought a religious exemption had failed to demonstrate an "imminent" or "irreparable" harm sufficient to warrant preliminary injunctive relief because whether or not they would ever be required to receive a vaccine was "too speculative" in the absence of a decision on their exception requests. *See Rodden v. Fauci*, --- F. Supp. 3d ---, 2021 WL 5545234, at *2 (S.D. Tex. Nov. 27, 2021). Other courts confronting similar factual circumstances have also concluded that plaintiffs with pending exceptions were unlikely to demonstrate that their claims were ripe. *See, e.g.*, *de Cristo Cano v. Biden*, 2022 WL 1004558, at *1 (C.D. Cal. Apr. 4, 2022) (denying motion for preliminary injunction and dismissing claims of federal employee plaintiff who "remain employed and either have obtained an exemption to any COVID-19 vaccination requirements . . . or have a request for exemption pending"); *McCray v. Biden*, 2021 WL 5823801, at *8 (D.D.C. Dec. 7, 2021) (dismissing "unripe" claims of plaintiff with pending exemption request).

In sum, the Federal Employee Plaintiffs' alleged injury of being "forced" to choose between their jobs and their religion rests on hypothetical predictions of the outcomes of their exemption requests; but the "mere potential" for future injury is insufficient to "render an issue ripe for review." *Friends of Keeseville, Inc. v. FERC*, 859 F.2d 230, 236 (D.C. Cir. 1988). Therefore, the Federal Employee Plaintiffs have failed to demonstrate that the alleged deprivation of their right to freely exercise their religion is "imminent" or "certainly impending," and so they

have not established a ripe, justiciable controversy.[18] *Am. Petrol.*, 683 F.3d at 386  As Defendants note, there is "no basis" on the current record "to assume" that the Federal Employee Plaintiffs' exemption requests will be denied.  Defs.' Opp'n at 11.  For example, at least one Plaintiff's exemption request, *has been granted* and a second has been afforded a temporary exemption from the vaccination requirement pending a final decision on his exemption request.  *See supra* Section I(C).  The Federal Employees' claims are not constitutionally ripe.

The Federal Employee Plaintiffs have also failed to demonstrate that their claims are prudentially ripe.  Even if a case is "constitutionally ripe," there may still be "prudential reasons for refusing to exercise jurisdiction." *Am. Petrol*, 683 F.3d at 386 (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).  As a "prudential" matter, the ripeness doctrine "'prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and . . . protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hosp.*, 538 U.S. at 807–08 (2003) (quoting *Abbott Labs.*, 387 U.S. at 148–149).  Assessing the "prudential ripeness" of a case requires the Court to consider the "fitness of the issues for judicial decision" and the "extent to which withholding a decision will cause hardship to the parties." *Am. Petrol.*, 683 F.3d at 387 (internal quotation marks omitted) (quoting *Abbott Labs.*, 387 U.S. at 149).

To determine whether an issue is "fit" for judicial review, the Court must consider whether the issue presented "is purely legal, whether consideration of the issue would benefit from a more

---

[18] Having failed to establish that they confront an imminent and certain choice between their continued employment and receiving a COVID-19 vaccine, the Federal Employee Plaintiffs contend that they have already endured "hostility" due to their status of being unvaccinated, and that they are subject to "testing" and "masking" policies to which their vaccinated colleagues are not required to adhere.  *See* Pls.' Opp'n at 8–9, 12.  But, as Defendants correctly note, Plaintiffs' Complaint challenges only the vaccination requirements provided in Executive 14043, and does not assert any claim against any other workplace protocols.

13

concrete setting, and whether the agency's action is sufficiently final." *Friends of Animals v. Bur. of Land Mgmt.*, 515 F. Supp. 3d 290, 301 (D.D.C. 2021) (internal quotation marks omitted) (quoting *Her Majesty the Queen in Right of Ontario v. EPA*, 912 F.2d 1525, 1532 (D.C. Cir. 1990)). Even a "purely legal" issue is not "fit" for judicial review if "further factual development would 'significantly advance [the Court's] ability to deal with the legal issues presented.'" *Nat'l Park Hosp. Ass'n*, 538 U.S. at 812 (quoting *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 82 (1978)); *see also Atl. States Legal Found. v. EPA*, 325 F.3d 281, 284 (D.C. Cir. 2003) ("[E]ven purely legal issues may be unfit for review.").

Except for the accommodation requests that have already been granted, all of the Federal Employees' exemption requests are still under consideration by their employers, and so they are prudentially unfit for judicial review. To date, none of the Federal Employee Plaintiffs have been disciplined or terminated for electing not to be vaccinated against COVID-19, and they will not be while their requests are pending. *See* Compl. ¶¶ 60–61, 63–77; Task Force Vaccine Guidance. Further agency consideration is certain to occur before the Federal Employee Plaintiffs reach the point of termination (*e.g.*, their requests must first be denied).[19] And this is plainly a case in which further development of the underlying record is required to assess whether the Federal Employee Plaintiffs are entitled to relief for the harms they allege. The absence of any factual record providing the basis for any denial of a religious accommodation request (if, in fact any plaintiff's request is denied) hamstrings the Court's ability to evaluate the merits of the remaining constitutional and statutory claims.

---

[19] Even if their exemption requests are denied, the Task Force Vaccine Guidance directs agencies first to "work with employees to encourage their compliance" beginning with a "brief period of education and counseling (5 days)," then proceeding to a "short suspension" before ever "proposing a removal." *See* Task Force Vaccine Guidance. Even then, the Guidance indicates that "[u]nique operational needs of agencies and the circumstances affecting a particular employee may warrant a departure from these guidelines if necessary." *Id.*

Given that the outcome of the Federal Employee Plaintiffs' exemption requests is "currently unknown," the Federal Employee Plaintiffs also have not shown that delayed judicial review would cause them "immediate and significant" hardship. *Finca Santa Elena*, 873 F. Supp. 2d at 371 (citing *Am. Petrol.*, 683 F.3d at 389). Although the Federal Employee Plaintiffs complain of the delay in the agencies' review of their exemption requests, this argument ignores the fact that Executive Order 14043 has been subject to a nationwide preliminary injunction for several months, during which time the agencies have refrained from processing exemption requests (and any employee with a pending request has not been required to be vaccinated). *See supra* Section I(B). Because "further [administrative] consideration will actually occur" before implementation of any disciplinary proceeding, the Federal Employee Plaintiffs have not demonstrated that they will suffer immediate and significant hardship in the absence of judicial intervention at this time. *Wyo. Outdoor Council*, 165 F.3d at 50 (internal citation and quotation marks omitted); *see also Sprint Corp. v. FCC*, 331 F.3d 952, 956 (D.C. Cir. 2003) ("Final agency action . . . is a crucial prerequisite to ripeness."). Accordingly, their claims are not prudentially ripe, and must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction over the Federal Employee Plaintiffs' claims and so shall **GRANT IN PART** Defendants' [23] Motion to Dismiss as to those claims. The Court **HOLDS IN ABEYANCE** the remainder of Defendants' [23] Motion to Dismiss. An appropriate Order accompanies this Memorandum Opinion.

**Dated**: May 11, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge