# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEVEN CHURCH, *et al.*,

      Plaintiffs,

      v.

JOSEPH R. BIDEN, in his official capacity as
President of the United States, *et al.*,

      Defendants.

Civil Action No. 21-2815 (CKK)

## ORDER
(August 31, 2022)

The remaining plaintiffs in this case are First Lieutenant Andrew Soto and Corporal
Christopher Hall.[1]  By virtue of their military employment, Plaintiffs are subject to the COVID-
19 vaccine mandates imposed under Secretary of Defense Lloyd Austin's August 24, 2021 order
for the vaccination of military personnel, *see* Mem. for Dep't of Def. Employees (Aug. 9, 2021),
https://perma.cc/H5G8-T62L, and    Marine Corps Administrative Message 462/21, *see*
MARADMIN 462/21 (Sept. 1, 2021), https://perma.cc/Z7GG-PQD2.  Plaintiffs claim that the
vaccination requirement imposed by these orders burdens their free exercise of religion.  Their
remaining claims arise under the Free Exercise Clause of the First Amendment and the Religious
Freedom Restoration Act ("RFRA").[2]

---

[1] In its [30] Order dated May 11, 2022, the Court granted Defendants' [23] Motion to Dismiss as to the following
"Federal Employee Plaintiffs": Steven Church, Lesley Church, Alma Gonzalez, Dynika Barnwell, Douglas
Czerwinski, Jason Coffey, Joshua Schmidt, Melina Royer, Tamika Walls, Jaime Espitia, Somer Stephens, Alex Berne,
Alan Camp, Stephanie Perrotta, Christopher Axtell, Grace Brown, Kristofor Hallfrisch, and Dorothy Morgan.  The
Court's order also resulted in the dismissal of the following defendants: Antony Blinken, Janet Yellen, Merrick
Garland, Debra Ann Haaland, Thomas Vilsack, Gina M. Raimondo, Martin J. Walsh, Xavier Becerra, Marcia L.
Fudge, Peter Buttigieg, Jennifer Granholm, Miguel Cardona, Alejandro Mayorkas, Clarence W. Nelson II, Kilolo
Kijakazi, Robin Carnahan, and Denis McDonough.

[2] Plaintiffs have voluntarily dismissed Counts 3 and 4 of their Complaint, which assert claims under the Food, Drug,
and Cosmetic Act and the Equal Protection clause of the Fifth Amendment.  *See* Pls.' Opp'n at 3.

The Court has reviewed Defendants' [23] Motion to Dismiss as to the remaining claims of Plaintiffs Soto and Hall,  Plaintiffs' [27] Opposition, Defendants' [28] Reply, and Defendants' [32] Response to the Court's August 2, 2022 Minute Order regarding the current status of Plaintiffs' "separation proceedings and/or further intra-military review thereof."  Among other arguments, Defendants contend that Plaintiffs' claims are not "justiciable" because they have failed to exhaust intra-military administrative remedies.  *See* Defs.' Mot. at 10.  However, the parties have not addressed other justiciability issues, about which the Court shall require additional briefing before ruling on Defendants' Motion to Dismiss.

As this Court has previously articulated, a plaintiff's "[c]laims are nonjusticiable where: (1) their resolution requires decisions which are not matters of judicial expertise but are matters of management, public policy or technical expertise; (2) the relief requested usurps the functions of a coordinate branch of government; or (3) the relief requested is not justicially manageable." *Navy SEAL 1 v. Austin*, --- F. Supp. 3d ----, 2022 WL 1294486, at *5 (D.D.C. Apr. 29, 2022) (quoting *Nat'l Coal Ass'n v. Marshall*, 510 F. Supp. 803, 805 (D.D.C. 1981) (citing *Baker v. Carr*, 369 U.S. 186, 217 (1962))); *see also Creaghan v. Austin*, --- F. Supp. 3d ---, 2022 WL 1500544, at *5–6 (D.D.C. May 12, 2022).  Here, there Court has identified serious questions as to whether a judicial challenge to a military medical requirement (1) "usurps the functions" of powers committed to the Executive through the Commander-in-Chief Clause and (2) involves scientific determinations that "are not matters of judicial expertise but are matters of ... technical expertise." *Id.*  Accordingly, the Court **HOLDS IN ABEYANCE** the remainder of Defendants' Motion to Dismiss and **ORDERS** the parties to submit supplemental briefs addressing these justiciability questions.  The Court **ORDERS** Defendants to submit their supplemental brief (no longer than 10 pages in length) by no later than **SEPTEMBER 12, 2022** and Plaintiffs to submit a response (no longer than 10

pages in length) by no later than **SEPTEMBER 23, 2022.**  Defendants may file a reply (no longer than 5 pages in length) by no later than **SEPTEMBER 30, 2022.**

The Court further **ORDERS** that Defendants shall promptly advise the Court by filing a notice on the docket of any change in the status of Plaintiff Soto's vaccination and/or separation proceedings, including whether or not he has agreed to receive a Comirnaty-labeled vaccine (or Novavax vaccine) and/or whether further Board of Inquiry procedures have been initiated.  *See* Takagi Decl. ¶ 4, n.1, ECF No. 32-2.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge